GENTRIS v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 300288. Submitted May 1, 2012, at Detroit. Decided May 17,
2012. Approved for publication July 17, 2012, at 9:00 a.m.

John Raymond Gentris, by his next friend and mother, Ramona
Thomas, filed an action in the Wayne Circuit Court against State
Farm Mutual Automobile Insurance Company, seeking payment
for no-fault attendant-care services under MCL 500.3107(1)(a).
Plaintiff had been struck by a vehicle in 1997, resulting in severe
injuries. State Farm paid plaintiff attendant-care benefits for daily,
around-the-clock care from April 2004 to July 22, 2008, and then
resumed payments again on December 1, 2008, as directed by
court order, until July 31, 2009. State Farm accused Ramona
Thomas and her husband of misrepresentation in paperwork
submitted to State Farm. Following trial, the jury determined that
plaintiff did not incur allowable expenses by or on his behalf
arising out of the accidental bodily injury and returned a verdict of
no cause of action. State Farm moved for attorney fees, which the
court, Kathleen I. Macdonald, J., denied, concluding that it was
undisputed that plaintiff was injured and in need of attendant-care
services and that the only trial issues concerned whether the
caregivers actually performed the services and what hourly rate
should have been paid. State Farm also moved to tax costs, which
the court denied, stating that State Farm's bill of costs and
supporting affidavit did not technically comply with the require-
ments of MCR 2.625(G). State Farm appealed.

The Court of Appeals held:

1. Under MCL 500.3148(2), a court may exercise its discretion
and award an insurer reasonable attorney fees for its defense
against a claim that was in some respect fraudulent or so excessive
as to have no reasonable foundation. The trial court abused its
discretion by erroneously determining that there could be no
finding that plaintiff's claim for benefits was in some respect
fraudulent or so excessive as to have no reasonable foundation
simply because plaintiff had indisputable injuries and was in need
of attendant-care services. The correct issue to be decided on
remand was whether Ramona Thomas and her husband had

actually performed the services for which they sought payment and whether the claim was fraudulent in some respect or so excessive as to have no reasonable foundation in the proper context of those findings.

2. Under MCR 2.625(A)(1), a prevailing party in an action is allowed costs unless prohibited by statute or court rules or unless the court directs otherwise for reasons stated in writing and filed in the action. The trial court must justify its decision to decline to award taxable costs to the prevailing party, and its decision should not be reversed on appeal unless its written reasons are totally unsupported by the facts involved in the case. MCR 2.625(G) provides (1) that each item claimed in the bill of costs must be specified particularly, (2) that the bill of costs must be verified and contain a statement that each item or cost or disbursement claimed is correct and has been necessarily incurred in the action and that the services were actually performed, and (3) that if witness fees are claimed, the affidavit in support of the bill of costs must include the distance traveled and the days attended and state that the testimony was actually provided by any witness for whom fees are sought. The trial court erred by concluding that State Farm had failed to comply with MCR 2.625(G)(1) and (2). State Farm's bill of costs properly listed each claimed item with particularity and contained the appropriate statement that each claimed item or cost was correct and had been necessarily incurred in the action. However, because State Farm had failed to file an affidavit regarding witness fees, as required by MCR 2.625(G)(3), the court properly denied its motion for witness fee costs.

3. The trial court did not address plaintiff's argument that regardless of State Farm's compliance with MCR 2.625(G)(1) and (2), certain requested costs that plaintiff had lined out in a copy of the bill of costs were not recoverable under various statutory provisions. Because State Farm did not address plaintiff's argument below or on appeal, those items were not recoverable as taxable costs. Remand was necessary for the trial court to determine whether to award State Farm the remaining costs or decline to award any costs

Order affirmed in part and vacated in part; case remanded.

*John C. Auld, P.C.* (by *John C. Auld*), for John R. Gentris.

*Hewson & Van Hellemont, P.C.* (by *Stacey L. Heinonen* and *James F. Hewson*), for State Farm Mutual Automobile Insurance Company.

Before: MURPHY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM. Defendant, State Farm Mutual Automobile Insurance Company, appeals as of right the trial court's order denying its postjudgment motion for attorney fees and taxable costs. This case involved a five-day jury trial in which the jury found no cause of action with respect to plaintiff's lawsuit that sought payment for no-fault attendant-care services under MCL 500.3107(1)(a). We affirm in part and vacate in part the trial court's order and remand for further proceedings consistent with this opinion.

The attendant-care services were allegedly provided to plaintiff, John Raymond Gentris (hereafter referred to as "plaintiff" or "John"), by his mother, Ramona Thomas, his stepfather, Kelvin Thomas, and other family members, most notably Gourmia Gentris. In 1997, at the age of 16, John was struck by a motor vehicle and severely injured. Ramona Thomas pursued the instant litigation as next friend on John's behalf. The lawsuit, which was commenced in April 2004, concerned the alleged underpayment, and at times nonpayment, of attendant-care benefits from April 2004 until trial in 2010. There is no dispute that State Farm paid attendant-care benefits from April 2004 to July 22, 2008, at a rate of approximately $9 an hour for 24 hours a day, 7 days a week. No attendant-care benefits were paid from July 23, 2008, to November 30, 2008, as State Farm accused the Thomases of misrepresentations in paperwork submitted to State Farm in regard to services supposedly provided. Benefits were resumed per court order on December 1, 2008, and paid through July 31, 2009, at the same hourly rate of about $9, but for 16 and not 24 hours a day, 7 days a week. Thereafter, no attendant-care benefits were paid by State Farm. At trial, plaintiff sought an award of nearly

$800,000, which included a calculation for interest, pursuant to MCL 500.3107.[1] The amount of attendant-care benefits requested by plaintiff was predicated on reviews and surveys showing the average local rates for home healthcare services, which substantially sur-passed the hourly rate paid by State Farm. The jury answered the following verdict-form question in the negative: "Were allowable expenses incurred by or on behalf of the Plaintiff arising out of the accidental bodily injury?" Having answered no to this first ques-tion on the verdict form, the jury's deliberations were complete.

Following trial, State Farm sought $101,415 in attor-ney fees pursuant to MCL 500.3148(2), which is part of the no-fault act and provides that "[a]n insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attor-ney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable

---

[1] MCL 500.3107(1) provides in relevant part:

Except as provided in subsection (2) [which is inapplicable here], personal protection insurance [PIP] benefits are payable for the following:

(a) Allowable expenses consisting of all *reasonable charges* incurred for *reasonably necessary* products, *services* and accommo-dations for an injured person's care, recovery, or rehabilitation. [Emphasis added.]

"Under MCL 500.3107, family members are entitled to reasonable compensation for the services they provide at home to an injured person in need of care." *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 164; 761 NW2d 784 (2008). There is no requirement that attendant-care services be supplied by trained medical personnel. *Id.* at 167. The *Bonkowski* panel noted that there was no dispute that 24-hour attendant care was necessary for the plaintiff. *Id.* at 167-168. "In determining reasonable compensation for an unlicensed person who provides health care services, a fact-finder may consider the compensation paid to licensed health care professionals who provide similar services." *Id.* at 164.

foundation." The trial court denied the request for attorney fees on the basis that there was no dispute that John was injured and in need of attendant-care services and that the only trial issues concerned whether the caregivers actually performed the services and what hourly rate should have been paid. Additionally, State Farm sought $50,143 in taxable costs pursuant to MCR 2.625(A), which provides that "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." The trial court denied the request for taxable costs on the basis that State Farm did not comply with the technical requirements of MCR 2.625(G) with respect to the submitted bill of costs and supporting affidavit.

State Farm indicates in its appellate brief that it "never disputed that Mr. Gentris sustained a traumatic brain injury and [has] physical limitations as a result of the subject accident," and State Farm notes that it agreed that John "needed external structure and supervision with activities as the result of his injuries." There is no dispute regarding the accuracy of the diagnosis of traumatic brain injury with cognitive disorder, seizure disorder, left-sided hemiparesis with contracture of the left upper extremity, left foot drop, antalgic gait, and associated depression. There is also no dispute regarding the nature of John's physical problems and limitations with respect to the left side of his body, especially his left hand and arm, which, for all practical purposes, have been rendered nonfunctional, leaving him to tackle tasks using only his right hand and arm. John has various orthotic devices. He has a splint for his left wrist in order to prevent his hand from curling up, a splint for his left elbow, a brace for his left leg, and an ankle-foot orthotic (AFO) for his left ankle and foot,

occasionally referred to as his "boot." On occasion, John also uses a cane for walking. Additionally, there is no dispute that John's primary doctor prescribed attendant-care services for him covering 24 hours a day, 7 days a week. The focus of the litigation was not on whether John had serious injuries necessitating attendant-care services, but on whether Mr. and Mrs. Thomas were actually providing services as claimed, whether the care and services that were provided were adequate, and whether the rate of pay for services was appropriate.

On appeal, State Farm first argues that the trial court erred when it failed to award State Farm attorney fees under MCL 500.3148(2). State Farm contends that the claim for attendant-care benefits was fraudulent and baseless, consisting of blatant misrepresentations and untruths concerning the care allegedly provided to John. According to State Farm, the jury's verdict of no cause of action clearly supports State Farm's description of plaintiff's case as fraudulent and having no reasonable foundation. State Farm notes the claims for benefits relative to February 21, 2009, on which date the Thomases were incarcerated and not watching John; August 13, 2009, on which date the Thomases attended a funeral without John; and August 11, 2009, on which date John was not at home part of the day, yet the Thomases sought benefits for that period and reported that he was at home.[2] With respect to plain-

---

[2] At trial, it was established by way of testimony, cross-references to daily attendant-care records submitted monthly to State Farm by the Thomases, and surveillance performed by Sherlock Investigations, Inc., that during some of the time frames for which the Thomases sought full attendant-care benefits as documented by the couple, neither of them was actually with John. The Thomases asserted that there were no claims of misrepresentations with respect to the vast and overwhelming majority of days for which benefits were sought. Further, the Thomases

tiff's argument that Gourmia Gentris provided substitute care, State Farms maintains that even Gourmia testified that she allowed John to leave the house unaccompanied at times. Aside from State Farm's claims of fraud, it also posits that plaintiff's request for hundreds of thousands of dollars in benefits constituted a claim that was so excessive as to have no reasonable foundation. Citing unpublished opinions issued by this Court, State Farm argues that the excessiveness of plaintiff's claim was established and demonstrated by the fact that the jury awarded plaintiff nothing in the face of a request amounting to nearly $800,000. In further support of the argument on excessiveness and the absence of a reasonable foundation, State Farm notes that the Thomases sought benefits for times when John was not actually with them or relatives despite indicating otherwise in the daily reports, that the Thomases failed to adequately supervise John, resulting in John leaving the house by himself and smoking marijuana, and that the Thomases failed to ensure that substitute care providers supplied the necessary supervision.[3]

---

maintained that if they were not with John at any given time, some other family member was watching or supervising him, which State Farm was aware of since 2004 without complaint. According to the Thomases, with respect to the three dates focused on by State Farm, Gourmia Gentris was caring for John in the absence of the Thomases. Ramona Thomas readily acknowledged that the daily reports listing hourly activities, which she prepared, were not accurate because she would generally fill them out at the end of the month, entering daily and hourly information consistent with typical everyday routines while recalling as best she could any deviations.

[3] A major focus of the trial concerned times when John would walk to a local store by himself, crossing a busy five-lane road in the process, and times when John would walk by himself to visit friends in the neighborhood. The Thomases' position was that it was important to occasionally give John some time on his own or a little independence, which John's primary doctor also believed was beneficial. The Thomases also con-

As already indicated, MCL 500.3148(2) provides that "[a]n insurer *may be allowed* by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." (Emphasis added.) The decision to award or deny attorney fees under MCL 500.3148(2) is reviewed for an abuse of discretion. *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 627; 550 NW2d 580 (1996). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008). However, for purposes of MCL 500.3148(2), a "trial court's findings regarding the fraudulent, excessive, or unreasonable nature of a claim should not be reversed on appeal unless they are clearly erroneous." *Beach*, 216 Mich App at 627. A decision is clearly erroneous when a reviewing court is left with a firm and definite conviction that a mistake was made by the lower court. *Moore*, 482 Mich at 516. Any issues regarding what legally constitutes fraud "in some respect," excessiveness, and an unreasonable foundation are questions of law subject to de novo review. See *id*. (noting that issues of statutory interpretation are reviewed de novo).

The language of MCL 500.3148(2) indicates that a court may exercise its discretion by awarding attorney fees to an insurer, but only if a claim was in some respect fraudulent or so excessive as to have no reasonable foundation. The statute does not mandate that the court award attorney fees on a finding of fraud or

---

tended that they still monitored John's general whereabouts even when no one personally accompanied John, making sure that he was home on time. The Thomases testified that they had no idea that benefits might not be payable for times when John made his occasional short excursions.

excessiveness,[4] nor does the statute require the court's findings to be based on the jury's verdict. However, the findings must be able to survive review under the clearly-erroneous standard. Further, an award of attorney fees under the statute can be entered by a court on the basis of either fraud standing alone or excessiveness with no reasonable foundation or, of course, on the basis of both factors.

In this case, we need to first ascertain or decipher the reasoning given by the trial court when it denied State Farm's motion for attorney fees. The trial court denied the motion upon concluding that there was no dispute and that the evidence clearly established that John was in need of attendant-care services; therefore, State Farm had failed to demonstrate unreasonableness or to show that plaintiff's claim was so excessive that it had no reasonable foundation. The court indicated that the dispute concerned whether the Thomases actually performed the services and whether the rate of pay was appropriate. We initially note that this is not a case in which the trial court ruled that it was declining to award attorney fees on the basis of its discretion regardless of whether plaintiff's claim was somewhat fraudulent or so excessive as to have no reasonable foundation, which would be a permissible course of action under MCL 500.3148(2), assuming no abuse of discretion. Rather, the trial court denied State Farm's request on

---

[4] Compare the language of the statute with the mandatory language in MCL 500.3148(1), which provides:

> An attorney *is entitled* to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee *shall be* a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [Emphasis added.]

the basis of its conclusion that plaintiff's claim was not so excessive that it had no reasonable foundation. The court did not explicitly rule on the issue of fraud, but given its finding that plaintiff's claim for benefits was not unreasonable and considering the denial of attorney fees, it can be implied that the court found that no fraud occurred. Again, the premise of the court's findings was that there was no dispute and that the evidence established that John needed attendant-care services given his injuries.

We vacate the denial of State Farm's request for attorney fees and remand for further proceedings. The trial court's ruling was based on a problematic and faulty legal premise. The court was of the opinion that simply because there was no dispute that John had injuries and was in need of attendant-care services, there could be no finding that plaintiff's claim for benefits was in some respect fraudulent or so excessive as to have no reasonable foundation. The trial court correctly recognized that the primary dispute concerned whether the Thomases actually performed the services for which benefits were sought. Certainly, issues of fraud, excessiveness, and unreasonableness can conceptually permeate the issue regarding whether services were performed.[5] Plaintiff's claim for benefits could still be deemed somewhat fraudulent or so exces-

[5] If a court faced a hypothetical situation in which attendant-care benefits were being sought by a plaintiff who, as established by the evidence, never met, supervised, or cared for an individual unquestionably injured in a car accident and in need of services, it would be nonsensical for the court to deny the insurer's request for attorney fees under MCL 500.3148(2) on the basis that there was no dispute that the injured person needed attendant-care services. We are not saying that the lack of a dispute regarding, or the existence of overwhelming evidence of, the serious nature of a person's injuries and the need for attendant-care services is irrelevant in determining whether to award attorney fees under MCL 500.3148(2). It is pertinent to analyzing a request for

sive as to have no reasonable foundation regardless of the fact that there was no dispute that John sustained serious injuries necessitating attendant-care services. There was no clear error with regard to the trial court's finding that John was in need of attendant-care services, but there was a legal error in the analytical conclusion that the establishment of need precluded the existence of fraud or a finding of excessiveness with no reasonable foundation. A court abuses its discretion when it makes an error of law. *Kidder v Ptacin*, 284 Mich App 166, 170; 771 NW2d 806 (2009). Accordingly, we remand the case to the trial court so that the court, absent the faulty legal premise, can make factual findings regarding fraud, excessiveness, and unreasonableness in the proper context of whether the Thomases actually provided the attendant-care services and whether the rate of pay was appropriate. See *People v Sanders*, 491 Mich 889 (2012) (noting that it is not proper for this Court to make factual findings after rejection of the trial court's incorrect legal premise when the lower court did not have an opportunity to make its own findings absent the legal error). Consistently with the Supreme Court's order in *Sanders* and the well-accepted notion that trial courts (or juries) and not panels of this Court are generally the appropriate fact-finders, we remand for further proceedings.[6]

State Farm also argues that the trial court erred when it refused to award State Farm various taxable costs that were incurred in connection with defending against plaintiff's action. State Farm contends that, contrary to the trial court's ruling, it complied with the

attorney fees under the statute, but it is not the sole factor to consider if established, just part of a larger puzzle.

[6] Nothing in this opinion should be taken as precluding the trial court from exercising its full discretion under the statute as construed by us in this opinion.

technical requirements set forth in MCR 2.625(G) by submitting a proper bill of costs along with a supporting affidavit. According to State Farm, it was entitled to an award of taxable costs as the prevailing party.

MCR 2.625(A)(1) provides that "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action." "We review a trial court's ruling on a motion for costs under MCR 2.625 for an abuse of discretion." *Ivezaj v Auto Club Ins Ass'n*, 275 Mich App 349, 367; 737 NW2d 807 (2007). However, issues concerning the interpretation and application of MCR 2.625 are reviewed de novo. *Id*. If a trial court declines to award taxable costs to a prevailing party, it "must justify the failure to award costs." *Blue Cross & Blue Shield of Mich v Eaton Rapids Community Hosp*, 221 Mich App 301, 308; 561 NW2d 488 (1997). When costs are denied to the prevailing party for reasons written and filed by the court, the court's "determination should not be reversed on appeal unless [its] written reasons are totally unsupported by the facts involved in the case." *American Aggregates Corp v Highland Twp*, 151 Mich App 37, 53; 390 NW2d 192 (1986).

The trial court found that State Farm had failed to comply with MCR 2.625(G), which provides:

> (1) Each item claimed in the bill of costs, except fees of officers for services rendered, must be specified particularly.
>
> (2) The bill of costs must be verified and must contain a statement that
>
> (a) each item of cost or disbursement claimed is correct and has been necessarily incurred in the action, and
>
> (b) the services for which fees have been charged were actually performed.

(3) If witness fees are claimed, an affidavit in support of the bill of costs must state the distance traveled and the days actually attended. If fees are claimed for a party as a witness, the affidavit must state that the party actually testified as a witness on the days listed.

The trial court expressly mentioned subrules (1) through (3) of MCR 2.625(G), finding no compliance at all. We note that plaintiff never argued a failure to comply with MCR 2.625(G); the trial court raised the matter sua sponte. The trial court erred in its ruling, with respect to MCR 2.625(G)(1) and (2). The bill of costs submitted by State Farm lists each claimed item with particularity and contains the following statement:

NOW COMES Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorneys, . . . and submits the following Taxable Bill of Costs pursuant to MCR 2.625, and states that each of the following costs have been verified, and each cost or disbursement itemized below is correct, was necessarily incurred, and services for which fees have been charged were actually performed.

Accompanying the bill of costs was an affidavit by State Farm's lead attorney in the case, wherein he averred:

The costs referenced in the invoice . . . were actually incurred at my direction and the direction of State Farm and were reasonably necessary for the litigation of the case. I have reviewed the charges in the invoice and believe that the amount charged for each service is reasonable in light of the service expended.

These documents reflect compliance with MCR 2.625(G)(1) and (2). With respect to MCR 2.625(G)(3) and witness fees, which requires an affidavit stating distances traveled and days actually attended, State

Farm fails to specifically address the issue in its brief, effectively abandoning any challenge, and no such affidavit is contained in the lower court record. Accordingly, we let stand the trial court's ruling under MCR 2.625(G)(3) that excluded costs associated with witness fees.

With respect to the remainder of the costs, despite State Farm's compliance with MCR 2.625(G)(1) and (2), plaintiff argues that many of the requested costs are not recoverable under a variety of statutory provisions, e.g., MCL 600.2405 (costs and items taxable), MCL 600.2549 (depositions, certified copies, and fees taxable as costs), MCL 600.2441 (sundry costs in civil case), and MCL 600.2529 (circuit court fees). MCR 2.625(A)(1) provides that costs "prohibited by statute" are not recoverable by the prevailing party. As used in MCR 2.625, the term "costs" takes its content from the various statutory provisions that define what items are taxable as costs. *Beach*, 216 Mich App at 622, quoting 3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 720-721. "The power to tax costs is not unlimited; rather, it is wholly statutory." *Beach*, 216 Mich App at 621. "Indeed, the prevailing party cannot recover costs where there exists no statutory authority for awarding them." *Id.*, citing *Herrera v Levine*, 176 Mich App 350, 357; 439 NW2d 378 (1989).

Plaintiff presented the statutory arguments below; however, the trial court entirely failed to address them, relying instead on MCR 2.625(G). In plaintiff's response and brief in opposition to State Farm's motion for taxable costs in the lower court, plaintiff indicated that the taxable costs sought by State Farm that were not authorized by statute included all those "lined out" in an attached copy of the bill of costs. Not every cost was lined out. On appeal, State Farm fails to make any

attempt whatsoever to address or challenge the statutory provisions argued by plaintiff. Rather, State Farm simply indicates that plaintiff did not line out some taxable costs below and, therefore, that by plaintiff's own calculations, an award of $17,924 in taxable costs should be entered. Because of State Farm's failure to even disagree with plaintiff's statutory arguments in its appellate reply brief, and not on the basis of our own substantive analysis of the costs and statutes, we hold that those items previously lined out by plaintiff shall not be recoverable as taxable costs. With respect to any remaining costs being sought by State Farm, after exclusion of the lined-out costs and those costs falling under the witness-fee provision in MCR 2.625(G)(3), the trial court may enter an award in favor of State Farm on those remaining costs or decline to award any costs, as long as the court provides an adequate reason in writing under MCR 2.625(A)(1).

We affirm in part and vacate in part the trial court's order regarding attorney fees and taxable costs and remand for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

MURPHY, C.J., and STEPHENS and RIORDAN, JJ., concurred.