# STATE OF MICHIGAN

# COURT OF APPEALS

MILTON BULMANN,

    Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY,

    Defendant-Appellee.

UNPUBLISHED
June 16, 2016

No. 326788
Grand Traverse Circuit Court
LC No. 14-030185-NF

Before: MARKEY, P.J., and OWENS and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's post-judgment order awarding attorney fees in the amount of $13,475.00 to defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff alleged that he was hit by a car in 2013 as he was walking past an open bay at the car wash he owned. Defendant, his auto insurer, initially paid some personal injury protection (PIP) benefits, but at some point refused to pay further benefits. Plaintiff brought suit for payment of PIP benefits and declaratory relief. At trial, Judy Petroskey, the person who provided plaintiff's attendant care and replacement services, testified that she did not provide services or did not provide 12 hours' worth of services for many of the days for which replacement services and attendant care costs were claimed, including three days in January when they were traveling, a period between March and May of 2013 when she was taking care of her ill sister, up to four days when plaintiff was deer hunting, and when Petroskey was recovering from back surgery after September 23, 2014, at which time plaintiff actually assisted her. Further, Petroskey admitted at trial that there were "a lot of days" where she did not see plaintiff during the time period claimed for attendant care and replacement services, although she testified that they were in telephone communication and that she was nearby if plaintiff needed help. Jason Williams, a claims adjuster for defendant at the time plaintiff submitted his claims, testified that video surveillance showed plaintiff driving a tractor and operating a motor vehicle, in contravention of plaintiff's claim that his injury had rendered him unable to drive and that he required someone to drive him around. Donald Hassan, a private detective, testified that he conducted video surveillance of plaintiff for defendant on May 16, 2013, and recorded plaintiff operating a tractor to mow his lawn. Joseph Rautio, another private investigator, also testified to conducting video surveillance of plaintiff on the 26th of June, which showed plaintiff walking and socializing with someone near a truck. The jury returned a verdict indicating that plaintiff

-1-

was injured, but that his injury did not arise of out the ownership, operation, maintenance, or use of a motor vehicle. The trial court therefore entered a judgment of no cause of action regarding plaintiff's complaint.

Following the jury trial, defendant sought payment from plaintiff of its costs as the prevailing party. Defendant did not initially seek attorney fees. Plaintiff objected to some of the costs. Defendant filed a response to plaintiff's objections, which contained an amended bill of costs and additionally asserted that it was entitled to an award of statutory attorney fees pursuant to MCL 500.3148(2). Defendant argued that plaintiff had submitted claims indicating that Petroskey provided attendant care and replacement services to plaintiff every day from January 5, 2013 to October 2014, but that her trial testimony contradicted this claim.

A hearing on the issue of attorney fees was held on March 9, 2015. The trial court stated:

> And let's see here. And it did seem like Mr. Bulmann was making an awful lot of not much. And then – because we do have the surveillance videos, which, you know, for a guy that needs to have somebody come in and take care of his every need, that sure didn't look like that was happening.
>
> And then we had a number of instances where she was billing for time that she couldn't have been providing the services. So there does appear to be some element of fraud here.

Plaintiff argued that the testimony of medical providers and the jury verdict did establish that plaintiff had been injured, although the jury had not found that his injury was caused by a vehicle. Defendant clarified that the claim for attorney fees was not based on plaintiff's claim that his injury was caused by a vehicle, but rather was based on his claims for attendant care and replacement services. Plaintiff argued that Petroskey's testimony indicated good-faith errors, not fraud.

The trial court ultimately concluded that defendant was entitled to attorney fees. The trial court made reference to Petroskey's testimony that attendant care was claimed on days that she could not have been providing the care. The trial court also observed that plaintiff had prepared the written statements of his two eyewitnesses to the accident, stating: "But he prepared the witness statements, which looks kind of fishy to begin with. But then we have the overall question of his exaggerating his injuries, to require these attendant care and replacement services daily." The trial court further referenced the surveillance videos, which showed that plaintiff was "able to conduct the affairs of life on those days." The court thus concluded:

> These do not appear to have been injuries that were that significant. And I find he was exaggerating his injuries. And that there were claims for attendant care and replacement services that were clearly not valid, just couldn't have been. So I think there is a showing that the claims were, "in some respect fraudulent," consequently that triggers subsection 2 of 500.3948 . . . .

The trial court determined that one third of the $40,000 in attorney fees requested was a reasonable amount, and awarded the amount stated above. This appeal followed.

## II. STANDARD OF REVIEW

"The decision to award or deny attorney fees under MCL 500.3148(2) is reviewed for an abuse of discretion." *Gentris v State Farm Mut Ins Co*, 297 Mich App 354, 360; 824 NW2d 609 (2012). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Id*. For the purposes of MCL 500.3148(2), the trial court's findings regarding the fraudulent or excessive nature of a claim are reviewed for clear error. *Id*. Clear error occurs when this Court is left with "a firm and definite conviction that a mistake was made by the lower court."

## III. ANALYSIS

Plaintiff argues that the trial court erred by finding that his claims were excessive and in some respect fraudulent under MCL 500.3148(2), and abused its discretion in awarding attorney fees. We disagree.[1]

MCL 500.3148(2) provides in relevant part that "[a]n insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation." An award of attorney fees under MCL 500.3148 need not be based on the jury's verdict; further, it may be based on fraud alone, on excessiveness with no reasonable foundation alone, or on the basis of both factors. *Gentris*, 297 Mich App at 362. We note that plaintiff does not challenge the reasonableness of the amount awarded by the trial court; rather, plaintiff argues that his claims were neither excessive nor in any respect fraudulent.

Plaintiff argues that the testimony of medical providers that plaintiff had suffered a head injury indicates that he was not exaggerating his injuries. However, the trial court did not determine that he was not injured or base its decision on conflicting medical testimony. Rather, although all medical providers did testify that plaintiff was injured and that they did not find him to be malingering (and indeed the jury found that he was injured), the trial court found that plaintiff had exaggerated his need for attendant care, at least in some respects, when he filed claims for 12 hours of attendant care on days when according to the video surveillance he was able to carry on the activities of normal life. The fact that a plaintiff has injuries and needs some level of attendant care services does not preclude a finding that a claim for benefits was in some respect fraudulent or so excessive as to have no reasonable foundation under MCL 500.3148(2), especially when there is a dispute over whether such services were actually performed. *Gentris*, 297 Mich App at 363. "[I]ssues of fraud, excessiveness, and unreasonableness can conceptually

---

[1] We decline defendant's invitation to consider plaintiff's argument waived due to his failure to provide the complete trial transcripts pursuant to MCR 7.210(B)(1)(a). Plaintiff initially provided this Court with the transcript of the attorney fee hearing, but not the trial. However, at the time of our review the complete transcripts had been provided. Further, defendant's argument was the subject of an unsuccessful motion for peremptory affirmance in this Court. See *Bulmann v Auto-Owners Ins Co*, unpublished order of the Court of Appeals, issued October 22, 2015 (Docket No. 326788). We see no reason to revisit this issue.

permeate the issue regarding whether services were performed." *Id*. at 364. Additionally, the medical experts' statements that they did not believe plaintiff was malingering were not legal conclusions about the excessiveness of claims for attendant care and replacement services under MCL 500.3148(2); in fact, this Court in *Gentris* found legal error in a trial court's reliance on expert testimony that the plaintiff was injured and required some level of attendant care in denying fees under MCL 500.3148(2). *Id*.

Further, it is undisputed that Petroskey signed, and plaintiff submitted to defendant, forms indicating that she had performed attendant care for 12 hours per day on many days when it was impossible for her to have done so. Although plaintiff states that these were merely minor errors and that the great bulk of the forms were accurate, the misrepresentations consisted of much more than a few days out of a year. By virtue of testimony relating to hunting trips, Petroskey's caring for her ill sister, traveling, and Petroskey's recovery from back surgery, Petroskey admitted to a substantial amount of time that she did not provide attendant care, despite the claim that 12 hours per day of attendant care was provided every single day from the date of the accident to October 2014. Plaintiff was aware that he had gone hunting and that Petroskey was occupied caring for her ill sister and recovering from surgery; in fact, Petroskey testified that plaintiff assisted her during her surgical recovery. Although the term "fraud" is not specifically defined in the statute, fraud is generally committed if a party knowingly or recklessly makes a false representation to another party intended to induce action by that party. See *Titan Ins Co v Hyten*, 491 Mich 547, 567-568; 817 NW2d 562 (2012). Here, it is clear that plaintiff either knowingly or recklessly claimed attendant care and replacement services on days where he could not have reasonably believed that he had received such care and services, intending that defendant pay benefits relating to those services.

Plaintiff's claims for attendant care and replacement services could properly be considered "so excessive as to have no reasonable foundation" by virtue of the fact that, despite claiming that he needed 12 hours per day of attendant care, he was shown on video operating a tractor, mowing his lawn, and socializing and moving unhindered, and additionally was able to go deer hunting and even assist Petroskey in her surgical recovery. *Gentris*, 297 Mich App at 363-364. They could also properly be considered "in some respect fraudulent," as plaintiff either knowingly or recklessly submitted claims for attendant care and replacement services on days when Petroskey admitted that she did not provide such care and services. *Id*. In sum, the trial court did not clearly err in concluding that plaintiff's claims for attendant care and replacement services were either excessive or in some respect fraudulent, or a combination of both, under MCL 500.3148(2). *Id*. at 360. Plaintiff does not make a separate argument that the trial court abused its discretion in determining the amount of the award; however, we conclude that the trial court's award of one third of the attorney fees claimed, in light of the fact that a significant portion of the trial was occupied with claims for attendant care and replacement services, was within the range of reasonable and principled outcomes. *Id*.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Mark T. Boonstra

-4-