*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERRIN TOREY ABBOTT,

Defendant-Appellant.

FOR PUBLICATION
December 17, 2019
9:10 a.m.

No. 336332
Wayne Circuit Court
LC No. 16-006549-01-FC

## ON REMAND

Before: SAWYER, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

This case is before us on remand from the Michigan Supreme Court to address (1) whether defendant committed three or more felonious criminal acts within 24 hours of his sentencing offense to justify the trial court's assessment of 10 points for offense variable 12 (OV 12), MCL 777.42, and (2) "whether the predicate offenses for the defendant's conviction of conducting a criminal enterprise constitute 'the sentencing offense' or can be considered as contemporaneous felonious criminal acts for the purpose of scoring OV 12." *People v Abbott*, 504 Mich 851, 851; 927 NW2d 704 (2019).

In answering these questions, we conclude that (1) the "sentencing offense" is the criminal enterprise conviction, (2) the 21 dates listed on the felony information are the predicate offenses, which constitute the sentencing offense, (3) they cannot be considered as contemporaneous felonious criminal acts for the purpose of scoring OV 12, and (4) defendant did not commit three or more contemporaneous felonious criminal acts within 24 hours of the sentencing offense to justify the assessment of 10 points for OV 12. Accordingly, we vacate defendant's sentence for conducting a criminal enterprise, and remand for resentencing.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was involved in two cases consolidated for trial, only one of which, lower court no. 16-006549-01-FC, is at issue on remand.[1] In that case, defendant was charged with, and convicted in a jury trial of, conducting a criminal enterprise, MCL 750.159i(1), five counts of breaking and entering a building with intent to commit larceny (breaking and entering), MCL 750.110, five counts of safe breaking, MCL 750.531, and five counts of possession of burglar's tools, MCL 750.116. For the offense of conducting a criminal enterprise, the information listed 21 dates, from June 13, 2015, to March 21, 2016, on which defendant and his codefendant committed or conspired to commit the crimes of breaking and entering and safe breaking for financial gain. The five incidents for which defendant was separately charged with breaking and entering, safe breaking, and possession of burglar's tools, were included in those 21 dates.

Before sentencing, the prosecution filed a sentencing memorandum, asserting that the trial court should assess 10 points for OV 12 because defendant engaged in three or more felonious acts contemporaneous with the sentencing offense of conducting a criminal enterprise. These included, according to the prosecution, acts of breaking and entering and safe breaking committed as part of the criminal enterprise, and acts of receiving and concealing stolen property, for which defendant was never charged nor convicted. Ultimately, the trial court assessed 10 points for OV 12, and sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to 20 to 40 years' imprisonment for the conducting a criminal enterprise and safe breaking convictions, and 10 to 20 years' imprisonment for the breaking and entering and possession of burglar's tools convictions. In so doing, the trial court stated:

> [T]he People have charged that the sentencing offense of conducting a criminal enterprise took place over a lengthy period of time, specifically, the conducting a criminal enterprise date range is identified in the Information and was before the jury from June 13, 2015, through April 11, 2016. During that time, the People argue that the defendant conducted three contemporaneous felonious criminal acts as understood by Offense Variable 12, including at least two incidences of receiving/concealing stolen property as well as numerous separate offenses ranging from September 16th to the end of the year.
>
> I've reviewed my notes. I do note that a number of these separate offenses were introduced during the trial. I do find that three or more contemporaneous felonious criminal acts based on the record here today were committed, therefore, Offense Variable 12 is properly scored at 10 points.

Defendant appealed his convictions to this Court, but failed to challenge the scoring of OV 12, or raise any sentencing issues at all. We rejected the arguments defendant did raise, and affirmed his convictions. *People v Abbott*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2018 (Docket No. 336332), pp 1-9. Then, in his form application for

---

[1] In the second case, lower court no. 16-003219-FH, defendant was convicted of breaking and entering with intent to commit larceny (breaking and entering), MCL 750.110, conspiracy to commit breaking and entering, MCL 750.157a, and possession of burglar's tools, MCL 750.116, related to an incident that occurred on March 21, 2016.

leave to appeal to the Supreme Court, defendant listed prior record variables (PRV) 1, 2, and 7, and OVs 9, 12, 13, 14, and 16 as being challenged, but he only stated a general challenge to the OV scoring, making no argument as to any particular OV:

> [t]here should be a resentence in this case because the evidence in scoring OV is incorrect, and my PRV scoring was incorrect base[d] on my PSI information. A sentencing court should consider all record evidence before it when calculating the guideline including the contents of the PSI report. The information before the sentencing court was materially false, and the court relied on the prosecutor['s] false evidence or information in imposing the sentence.

After ordering the prosecution to file an answer on the scoring of OV 12, the Supreme Court remanded to this Court to decide these issues in the first instance.

## II. ANALYSIS

We first address the Supreme Court's directive to determine "whether the predicate offenses for the defendant's conviction of conducting a criminal enterprise constitute 'the sentencing offense' or can be considered as contemporaneous felonious criminal acts for the purpose of scoring OV 12," *Abbott*, 504 Mich at 851, and hold, for the reasons that follow, that the predicate offenses constitute the sentencing offense, and they cannot be scored for OV 12.

Under the sentencing guidelines, a trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019). Clear error exists when we are left with a definite and firm conviction that a mistake was made. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

A trial court must assess 10 points for OV 12 if "[t]hree or more contemporaneous felonious criminal acts involving other crimes were committed," MCL 777.42(1)(c), and five points if "[t]wo contemporaneous felonious criminal acts involving other crimes were committed," MCL 777.42(1)(e). A felonious criminal act is contemporaneous if "[t]he act occurred within 24 hours of the sentencing offense," and "[t]he act has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (*ii*). "[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Conducting a criminal enterprise, defendant's sentencing offense, occurs when "[a] person employed by, or associated with, an enterprise . . . knowingly conduct[s] or participate[s] in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity."

MCL 750.159i(1).[2] "Racketeering" is "committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit" certain enumerated offenses for financial gain, MCL 750.159g, including breaking and entering and safe breaking, MCL 750.159g(n) and (kk).[3] And a "pattern of racketeering activity" requires the commission of at least two incidents of racketeering which share certain characteristics. MCL 750.159f(c). "[T]he prosecution must normally prove the commission of each element of the predicate acts of [conducting a criminal enterprise], in addition to the other elements of [conducting a criminal enterprise], in order to prove a [conducting a criminal enterprise] violation." *People v Martin*, 271 Mich App 280, 290; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008).[4]

With respect to "whether the predicate offenses for the defendant's conviction of conducting a criminal enterprise constitute 'the sentencing offense,' " *Abbott*, 504 Mich at 851, we hold that they do. There is no dispute that the five dates[5] related to the predicate offenses for which defendant was separately charged and convicted cannot be used to score OV 12 because those acts resulted in separate convictions. MCL 777.42(2)(a)(*ii*). Nonetheless, we conclude that all 21 dates listed as predicate offenses in the felony information under Count I constitute the sentencing offense, and cannot be scored for purposes of OV 12.

The rationale set forth in *People v Carter*, 503 Mich 221; 931 NW2d 566 (2019), is dispositive. In *Carter* the defendant was convicted of assault with intent to do great bodily harm (AWIGBH), among other things, for firing three gunshots through the door to an apartment. *Id.* at 223. This Court affirmed a 10-point assessment for OV 12, reasoning that each gunshot was a separate act, but only one was needed for conviction of AWIGBH, and therefore the other two were contemporaneous felonious criminal acts warranting a 10-point assessment. *Id.* at 225. In addressing "whether factual support for defendant's AWIGBH conviction was established on the basis of all three gunshots or only one," *id.* at 227-228, the Supreme Court relied on the prosecution's closing argument to conclude that "[g]iven that, in this case, the prosecution relied on all three gunshots as evidence of defendant's intent to commit murder or inflict great bodily harm, a finding that two of the gunshots were not part of the sentencing offense cannot be supported by the evidence," *id.* at 229. Because the prosecution relied upon all three shots in

---

[2] An " '[e]nterprise' includes an individual, sole proprietorship, partnership, corporation, limited liability company, trust, union, association, governmental unit, or other legal entity or a group of persons associated in fact although not a legal entity," and encompasses "illicit as well as licit enterprises." MCL 750.159f(a).

[3] These enumerated offenses are the predicate offenses. See *Black's Law Dictionary* (7th ed) (defining "predicate act" for purposes of racketeering).

[4] We note that the *Martin* Court referred to the offense listed in MCL 750.159i as racketeering, rather than conducting a criminal enterprise. *Martin*, 271 Mich App at 286, 321.

[5] These dates are November 13, 2015, November 26, 2015, December 6, 2015, December 28, 2015, and March 7, 2016.

arguing for a conviction, "it was inappropriate for the Court of Appeals to distinguish two gunshots from the conduct constituting the 'sentencing offense.' " *Id*.

Here, Count I of the felony information charging defendant with conducting a criminal enterprise listed 21 dates in which defendant committed breaking and entering, safe breaking, and possession of burglar's tools. Just as the prosecution in *Carter* relied on all three gunshots as the acts establishing AWIGBH, *id*. at 229, the prosecution charged defendant with conducting a criminal enterprise based on all 21 acts. That the prosecution chose to separately charge defendant with five counts of breaking and entering, safe breaking, and possession of burglar's tools for incidents that occurred on five of those 21 dates, and the jury convicted defendant of those crimes, does not affect our decision. Conducting a criminal enterprise may be punished separately from and cumulatively with the underlying predicate offenses. *Martin*, 271 Mich App at 295.[6] However, it is not clear that the jury relied solely on those five predicate acts to convict defendant of conducting a criminal enterprise. And, what is determinative under *Carter* is that the prosecution listed all 21 dates under Count I of the charging document as predicate offenses constituting the sentencing offense of conducting a criminal enterprise. As a result, they cannot be considered contemporaneous felonious criminal acts for the purpose of scoring OV 12.

This conclusion resolves the second question posed by the Supreme Court on remand, and also provides the conclusion to the first question, which is that there is insufficient evidence that defendant committed three or more contemporaneous acts within 24 hours to justify the 10-point assessment of OV 12.

The sentencing offense of conducting a criminal enterprise is a class B crime. MCL 777.16i. Defendant's total OV score, including the 10-point assessment for OV 12, was 40 points. His PRV score was 125 points. His sentencing guidelines range, enhanced by his fourth habitual offender status, was 87 to 290 months. MCL 777.63; MCL 777.21(3)(c). If a scoring error does not alter the appropriate guidelines range, a defendant is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). For a class B crime, an OV score of 35 to 49 points is OV Level III. MCL 777.63. An OV score of 25 to 34 points is OV Level II. MCL 777.63. The sentencing guidelines range for OV Level II is 84 to 280 months. MCL 777.63; MCL 777.21(3)(c).

The trial court erred in assessing defendant 10 points for OV 12. A subtraction of 10 points from defendant's OV score reduces his total to OV Level II, and therefore decreases the minimum sentencing guidelines range, entitling defendant to resentencing. *Francisco*, 474 Mich at 89 n 8. There is no argument from the prosecution that, absent consideration of the 21 dates constituting the predicate offenses, defendant committed three or more contemporaneous felonious criminal acts. Rather, the prosecution contends that five points should be assessed for OV 12 because on the day defendant was arrested, March 23, 2016, he possessed stolen property.

---

[6] The *Martin* Court quoted MCL 750.159j(11), which is now MCL 750.159j(13), which provides, "Criminal penalties under this section are not mutually exclusive and do not preclude the application of any other criminal or civil remedy under this section or any other provision of law."

In assessing 10 points for OV 12, the trial court stated that defendant committed contemporaneous felonious acts, including two incidents of receiving and concealing stolen property, but did not explicitly indicate that it used those acts to score OV 12. To determine whether the incidents of receiving and concealing stolen properly discovered on the day of defendant's arrest may be considered contemporaneous felonious acts under OV 12, factual findings, which are the province of the trial court, *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 364; 824 NW2d 609 (2012), must be made. Thus, this matter is remanded to the trial court for resentencing, which shall include a determination regarding whether an assessment of five points can be scored for OV 12.

## III. CONCLUSION

Defendant's sentence for conducting a criminal enterprise is vacated, and this matter is remanded to the trial court for resentencing of defendant's criminal enterprise conviction only. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro