MICHIGAN MEDICAL SERVICE *v.* SHARPE.

1. CONTRACTS—SUBROGATION CLAUSE—BREACH OF AGREEMENT TO AS-
SIGN CLAIM AGAINST TORT-FEASOR—INTENT.

Plaintiff nonprofit corporation which had furnished medical and
surgical service to defendant pursuant to certificate containing
a subrogation clause was not precluded from recovering there-
under by reason of the fact that in furnishing the service
it discharged a primary obligation; there being language
expressive of an intent on the part of plaintiff to recover
for services rendered defendant who had, in turn, effected a
settlement with the tort-feasor whose negligence necessitated
the rendition of the services by plaintiff, without having as-
signed claim against the tort-feasor to plaintiff as he had
agreed to do.

2. SUBROGATION—UNJUST ENRICHMENT—EXPRESS CLAUSE.

Contention that plaintiff who furnished medical and surgical
service under a certificate containing an unambiguous subro-
gation clause would be unjustly enriched if defendant sub-
scriber were required to pay plaintiff amount he had collected
from tort-feasor for medical and surgical expense *held,* with-
out merit since the enrichment of plaintiff pursuant to the
express agreement of the parties, fairly and honestly arrived
at beforehand would be neither unjust, unfair nor inequitable.

3. SAME—CONSTRUCTION OF CONTRACTS.

A subrogation clause in a certificate requiring a nonprofit cor-
poration to furnish medical and surgical service to sub-
scribers, which is neither ambiguous nor in conflict with
other terms of the certificate may not be read out of the
agreement by construing it as ineffective to permit recovery
from subscriber of part of amount he had collected from
tort-feasor.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4]  29 Am Jur, Insurance § 1346.
[1–4]  Right of insurer who has paid loss, as against the insured
who has released or settled with third person responsible for
the loss.  36 ALR 1268, 55 ALR 926.
[5]  19 Am Jur, Equity § 82.
[6]  19 Am Jur, Equity § 196.
[7]  14 Am Jur, Costs § 11.

4. TORTS—CONTRACTS—PARTIES—SUBROGATION.

Liability cannot be cast upon defendant tort-feasor for injured party's failure to assign rights against the tort-feasor for medical and surgical expenses which were paid by plaintiff nonprofit corporation under certificate containing an express subrogation clause, since the tort-feasor was not a party to such contract.

5. EQUITY—MULTIPLICITY OF SUITS—ADEQUACY OF REMEDY AT LAW.

Prevention of multiplicity of suits, as a basis for equity jurisdiction, fails where suit is brought against tort-feasor and injured party by nonprofit corporation which had issued the latter defendant a certificate under which it agreed to furnish medical and surgical services and latter agreed to assign his claim therefor against a tort-feasor to plaintiff, where plaintiff, not an insurer, could impose no liability upon the tort-feasor by reason of latter defendant's failure to assign claim and remedy at law against the injured party was adequate (CL 1948, § 612.2).

6. TRIAL—TRANSFER OF CAUSES—ADEQUACY OF REMEDY AT LAW.

It was error to deny a plaintiff's motion to transfer cause from equity to law side of court, where basis of equity jurisdiction as to one defendant failed and remedy at law as to other defendant was adequate.

7. COSTS—SUBROGATION—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are allowed plaintiff or defendant injured party in equity suit to enforce subrogation clause against latter and his tort-feasor, although costs are awarded the tort-feasor, where bill is dismissed and cause is remanded for transfer to law side of court against injured party alone to enforce subrogation clause, neither party having prevailed in full.

Appeal from Wayne; Murphy (George B.), J. Submitted October 9, 1953. (Docket No. 48, Calendar No. 45,756.)   Decided June 7, 1954.   Rehearing denied September 8, 1954.

Bill by Michigan Medical Service, a Michigan nonprofit corporation, against John Sharpe, Leona Sharpe, John Sharpe, Jr., Natalie Sharpe, and Richard E. Manning, to enforce subrogation and payment of amounts expended for medical services, following settlement of personal injury case. Bill

dismissed on motion. Motion to transfer to law side of court denied. Plaintiff appeals. Affirmed in part. Reversed in part and remanded for further proceedings at law.

*Dykema, Jones & Wheat,* for plaintiff.

*Wilcox, Lacy, Lawson, Kirkby & Hunt (Eugene D. Kirkby,* of counsel), for defendants Sharpe.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Richard A. Harvey,* of counsel), for defendant Manning.

DETHMERS, J. A companion case to this is *Michigan Hospital Service* v. *Sharpe, ante,* 357, decided April 5, 1954. The cases involve the same defendants and accidental injuries. Plaintiff in the companion case provided the defendants Sharpe with hospitalization under the terms of a hospital care certificate which contained no subrogation clause. Plaintiff in the instant case provided them with medical and surgical service under the terms of a medical-surgical benefit certificate which did contain an express subrogation clause. For purposes of our consideration the cases are in all other respects identical.

In the companion case a majority of this Court held plaintiff not entitled to recover on the basis of common law and equitable principles of subrogation. Though dissenting therefrom, I am thereby restricted, in the instant case, to consideration of whether the existence of the express subrogation clause here constitutes a distinguishing feature warranting a different result.

The fact that plaintiff, as held in the companion case, "had a primary obligation to provide service in accordance with the terms of the contract" and

was not "engaged in activities analogous to the field of insurance" does not of itself preclude plaintiff's right to recover under the express subrogation clause. Indeed, the majority opinion in that case stresses, as a reason for the result therein reached, that the certificate "contains no subrogation clause" or other language expressive of an "intent on the part of plaintiff to recover for hospital services rendered upon accidental injury."

The contentions of the defendants Sharpe are that to allow recovery by plaintiff "would be unjust, unfair and inequitable," "would mean permitting it to receive premiums without any obligation," and would permit it to be "unjustly enriched at the expense of its member and subscriber," and that "insertion in its certificate of a so-called subrogation clause gave Michigan Medical Service no greater rights than it had without said subrogation clause." Authorities for these contentions are not cited. Enrichment of plaintiff is not unjust if pursuant to the express agreement of the parties, fairly and honestly arrived at before hand. It is neither unjust, unfair nor inequitable to give effect to an agreement which was not induced by mistake, overreaching, fraud or misrepresentation. The record presents no suggestion of such factors to vitiate an express agreement. There is no ambiguity in or conflict between the subrogation clause and other terms of the certificate. To agree with defendants that the subrogation clause gave plaintiff no rights whatsoever is to read it out of the agreement by rendering it meaningless. This a court may not do. The subrogation clause and its provision that the subscriber and his dependents shall execute and deliver such assignments of claim or other papers as may be necessary to secure plaintiff's rights against a tort-feasor are binding on the subscriber and his dependents who accepted benefits under the certificate. Defendants Sharpe have

failed and neglected to perform the assignment obligation. Plaintiff is entitled to a trial of its claimed rights against defendants Sharpe under the agreement.

In view of the holding in the companion case, liability, if any, to plaintiff here, can be predicated only upon the subrogation clause in the agreement. As for the tort-feasor, defendant Manning, plaintiff's brief correctly states that "liability cannot be cast on him by a contract to which he was not a party." Defendants Sharpe have given plaintiff no assignment against the tort-feasor as provided in the certificate. The majority in the companion case stated that plaintiff, not being an insurance company, "cannot claim the benefit of CL 1948, § 612.2 (Stat Ann § 27.654), that permits insurers to join in actions against tort-feasors at law." No basis remains in the premises for an action by plaintiff against defendant Manning. It follows that plaintiff's argument for equity jurisdiction, namely, prevention of multiplicity of suits, fails. It has an adequate remedy at law against defendants Sharpe. That remedy plaintiff is entitled to pursue. Accordingly, the trial court erred in denying plaintiff's motion to transfer this cause to the law side of the court.

Decree dismissing plaintiff's bill of complaint is affirmed. Order denying plaintiff's motion to transfer this cause to the law side of the court is reversed and the cause remanded for appropriate proceedings in accord herewith. Costs to defendant Manning. No costs to plaintiff or defendants Sharpe, neither having prevailed in full.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

KELLY, J., took no part in the decision of this case.