CITIZENS INSURANCE COMPANY OF AMERICA v LOWERY

Docket No. 83350. Submitted March 4, 1986, at Lansing. Decided April 22, 1987.

Joseph Lowery, the unemancipated fifteen-year-old son of defendant Joanne Lowery, stole a car owned by Frances S. Kinkle. The vehicle was insured by plaintiff Citizens Insurance Company of America. Joseph Lowery thereafter operated the vehicle in a manner which was reckless to the point of being wilful and wanton misconduct resulting in damage to the Kinkle vehicle, a garage and a legally parked vehicle. Plaintiff paid the collision loss on the Kinkle vehicle and also paid no-fault property protection benefits to the owners of the damaged garage and parked vehicle. Plaintiff, as subrogee of Frances Kinkle, brought an action in district court against defendant under the parental liability statute. Defendant filed a third-party action against her homeowner's carrier, Pioneer State Mutual Insurance Company, alleging failure to defend. The district court found against plaintiff on its claim against defendant and for defendant on her third-party claim against Pioneer. Plaintiff appealed to the Lapeer Circuit Court which reversed and remanded for entry of a judgment for plaintiff, Martin E. Clements, J. Defendant Joanne Lowery appeals.

The Court of Appeals *held:*

1. As to the damage to the Kinkle vehicle, plaintiff is subrogee to Frances Kinkle pursuant to the subrogation clause in the insurance policy.

2. Since plaintiff paid for the damage done to the garage and the parked vehicle, it is entitled to reimbursement from those persons responsible for the damage.

3. Section 3135(2) of the no-fault act does not abolish tort

REFERENCES

Am Jur 2d, Appeal and Error § 545 *et seq.*
Am Jur 2d, Automobile Insurance §§ 348, 349, 438, 443.
Am Jur 2d, Parent and Child § 137.
Automobile fire, theft, and collision insurance: insurable interest in stolen motor vehicle. 38 ALR4th 538.
Parents' liability for injury or damage intentionally inflicted by minor child. 54 ALR3d 974.

liability in the instant case since intentionally caused harm to persons or property is an exception to the no-fault act's abolition of tort liability. Because acts resulting from wilful and wanton misconduct fall within the class of intentional acts, defendant's tort liability is not abolished. In addition, under such circumstances, a no-fault carrier has a right to subtraction from or reimbursement of property protection benefits.

4. The parental liability statute imposes liability for malicious or wilful destruction of property, independent of the means the child employs to cause the destruction.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

The rule that a party's failure to raise an issue below normally precludes appellate review is not inflexible; such an issue may be determined to merit consideration where the issue is a question of law concerning which the necessary facts have been presented.

2. INSURANCE — PROPERTY PROTECTION BENEFITS — REIMBURSEMENT.

An insurer of a vehicle which is stolen and thereafter causes property damage for which the insurer must pay property protection benefits may sue in its own name for reimbursement of the benefits paid from those persons responsible for the damage (MCL 500.3121; MSA 24.13121).

3. INSURANCE — NO-FAULT — INTENTIONAL ACTS — WILFUL AND WANTON MISCONDUCT.

Intentionally caused harm to persons or property is an exception to the no-fault act's abolition of tort liability; acts resulting from wilful and wanton misconduct fall within the class of intentional acts (MCL 500.3135[2][a]; MSA 24.13135[2][a]).

4. INSURANCE — NO-FAULT — WILFUL AND WANTON MISCONDUCT — INTENTIONAL ACTS — REIMBURSEMENT.

A no-fault carrier has a right to subtraction from or reimbursement of property protection benefits paid for damages resulting from tortious acts resulting from wilful and wanton misconduct or intentional acts (MCL 500.3116[2]; MSA 24.13116[2]).

5. PARENT AND CHILD — PARENTAL LIABILITY STATUTE.

The parental liability statute does not provide a new cause of action but rather provides a method for collecting damages for the tortious conduct of an unemancipated minor child; liability is imposed thereunder for malicious or wilful destruction of property, independent of the means the child employs to cause the destruction (MCL 600.2913; MSA 27A.2913).

*Gault, Davison, Bowers & Hill* (by *Kathy Nelson Fitzgerald*), for plaintiff.

*Morrissey, Bove & Ebbott* (by *Richard H. Ebbott*), for defendant.

Before: SHEPHERD, P.J., and M. J. KELLY and R. L. TAHVONEN,* JJ

R. L. TAHVONEN, J. Defendant Joanne Lowery appeals by leave granted from a circuit court order reversing a district court order and remanding the case for entry of judgment in favor of plaintiff Citizens Insurance Company of America in the amount of $2,500 pursuant to the parental liability statute, MCL 600.2913; MSA 27A.2913. We affirm.

The parties have stipulated to the facts. On May 21, 1982, Joseph Lowery, the fifteen-year-old son of defendant Joanne Lowery, stole a car owned by Frances S. Kinkle. The vehicle was insured by Citizens. The trial court found that Joseph Lowery operated the vehicle in a manner which was "reckless to the point of [being] wilful and wanton misconduct," resulting in damage to the Kinkle car, a garage and a legally parked car.

Citizens paid the collision loss on the Kinkle vehicle and also paid no-fault property protection benefits to the owners of the damaged garage and parked car. Citizens, as subrogee of Frances Kinkle, brought an action in district court against Mrs. Lowery under the parental liability statute, MCL 600.2913; MSA 27A.2913. Joanne Lowery filed a third-party action against her homeowner's carrier, Pioneer State Mutual Insurance Company, alleging failure to defend. The district court found against Citizens on its claim under the parental liability statute and for Mrs. Lowery on her third-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

party claim against Pioneer for failure to defend. Citizens alone appealed. The circuit court reversed and remanded for entry of judgment in the amount of $2,500 for Citizens.

Mrs. Lowery appeals by leave granted, arguing in this Court that Citizens is not entitled to recover under the parental liability statute for three reasons. First, Citizens is not the real party in interest because it purports to sue as a subrogee of its insured (who had no duty to pay) and not as subrogee of the owners of the garage and the parked car to whom payment was in fact made. Second, Mrs. Lowery's liability is abolished by the no-fault act, MCL 500.3135; MSA 24.13135, because the damage was caused by the operation of a motor vehicle. Third, Citizens' claim for reimbursement is barred by the no-fault act itself, MCL 500.3116; MSA 24.13116.

Mrs. Lowery raises the claim that Citizens is not the real party in interest in this lawsuit for the first time in this Court although the circuit court raised the issue sua sponte in its written opinion reversing the district court's order. While a party's failure to raise an issue below normally precludes appellate review, this rule is not inflexible. Because the issue is a question of law concerning which the necessary facts have been presented, the issue merits consideration. See *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 702; 368 NW2d 257 (1985).

As to the damage to the Kinkle automobile, Citizens is subrogee to Frances Kinkle pursuant to the subrogation clause in the insurance policy. See *Michigan Medical Service v Sharpe,* 339 Mich 574; 64 NW2d 713 (1954).

Citizens' claim for reimbursement of property protection benefits paid for the damage to the garage and parked automobile presents a different

problem. As Kinkle's no-fault carrier, Citizens was the party directly responsible for payment of property damage benefits. MCL 500.3121; MSA 24.13121. Because Citizens paid for the damage done to the garage and parked automobile, it is entitled to reimbursement from those persons responsible for the damage. Citizens stands in the property owners' shoes and has the same right of reimbursement as the property owners. This right to reimbursement is similar to the right of indemnity. See 42 CJS, Indemnity, §§ 21, 23, pp 596-598, 600; *Langley v Harris Corp,* 413 Mich 592; 321 NW2d 662 (1982); *Dale v Whiteman,* 388 Mich 698, 704-706; 202 NW2d 797 (1972).

We note that, technically, Citizens should have sued in its own name for reimbursement of the property protection benefits rather than as subrogee of Frances Kinkle. However, defendant has not been ignorant of the real object of Citizens' lawsuit, and given that defendant raises this issue herself for the first time in this Court, we refuse to elevate form over substance to disallow Citizens' cause of action for reimbursement of property protection benefits paid for damage done by defendant's minor son. Compare *Hiner v State Highway Comm,* 96 Mich App 497, 500-502; 292 NW2d 709 (1980), lv den 409 Mich 914 (1980).

Defendant claims that Citizens' cause of action in this case is barred by § 3135 of the no-fault act, which abolishes tort liability arising from the ownership, maintenance or use of an automobile. Section 3135 states in part:

> (2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished except as to:

(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer such harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.

(b) Damages for noneconomic loss as provided and limited in subsection (1).

(c) Damages for allowable expenses, work loss, and survivor's loss as defined in sections 3107 to 3110 in excess of the daily, monthly, and 3-year limitations contained in those sections. The party liable for damages is entitled to an exemption reducing his or her liability by the amount of taxes that would have been payable on account of income the injured person would have received if he or she had not been injured.

(d) Damages up to $400.00 to motor vehicles, to the extent that the damages are not covered by insurance. An action for damages pursuant to this subdivision shall be conducted in compliance with subsection (3). [MCL 500.3135; MSA 24.13135.]

We find that § 3135(2) of the no-fault act does not abolish tort liability in the instant case. The parties have stipulated that 15-year-old Joseph Lowery's operation of the stolen Kinkle automobile was "reckless, to the point of [being] wilful and wanton misconduct."[1] The Supreme Court in

---

[1] This finding is taken from the parties' stipulated statement of facts. The circuit court in its opinion concluded that the district court found that the young man operated the automobile "in a manner constituting wilful and wanton misconduct." The circuit court relied on a statement by the district court in its opinion in the third-party action premised on Pioneer's failure to defend. In the referenced portion of its opinion, the district court stated:

Defendant Lowery was sued as the mother of an unemancipated minor child, the child having taken a motor vehicle without the consent of the owner and operated the vehicle in a

*Gibbard v Cursan,* 225 Mich 311, 320; 196 NW 398 (1923), described wilful and wanton misconduct, distinguishing it from negligence:

> If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind.

The *Gibbard* Court further noted that wilful and wanton misconduct is in the same class as intentional wrongdoing. 225 Mich 321. See also *Burnett v City of Adrian,* 414 Mich 448, 462-463; 326 NW2d 810 (1982).

Intentionally caused harm to persons or property is an exception to the no-fault act's abolition of tort liability. MCL 500.3135(2)(a); MSA 24.13135(2)(a). Because acts resulting from wilful

manner constituting wilful and wanton misconduct. Defendant Lowery's involvement in this case was as a result of being the mother of an unemancipated minor child and not because of any fault on her part.

However, later in the same opinion, the district court judge wrote:

> In the instant case, it was decided by this court that the parent would not be liable because of the fact that the damage was occasioned by the use of a motor vehicle and under the no-fault act the operator would not be liable whether he be negligent or reckless, whether he be an adult or unemancipated minor child. The parent's liability being vicarious, there would be no liability on the part of the parent.

It could fairly be concluded that the trial court's statements concerning the driver's conduct were not findings of fact but rather descriptions of the claims made by Citizens—the nature of the claims fixing Pioneer's duty to defend under the homeowner's policy. We note this aspect of the record to emphasize that (1) the parties and the circuit court have agreed and acted on the basis of a presumed district court finding of "wilful and wanton misconduct" and (2) no one is challenging the sufficiency of the evidence to support that presumed finding.

and wanton misconduct fall within the class of intentional acts, defendant's tort liability in the instant case is not abolished by the no-fault act. In addition, under such circumstances, a no-fault carrier has a right to subtraction from or reimbursement of property protection benefits. MCL 500.3116(2); MSA 24.13116(2).

Citizens' cause of action against Joanne Lowery has been brought pursuant to the parental liability statute, MCL 600.2913; MSA 27A.2913, which reads:

> A municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or an incorporated or unincorporated religious organization may recover damages in an amount not to exceed $2,500.00 in a civil action in a court of competent jurisdiction against the parents or parent of an unemancipated minor, living with his or her parents or parent, who has maliciously or wilfully destroyed real, personal, or mixed property which belongs to the municipal corporation, county, township, village, school district, department of the state, person, partnership, corporation, association, or religious organization incorporated or unincorporated or who has maliciously or wilfully caused bodily harm or injury to a person.

The statute does not provide a new cause of action but rather provides a method for collecting damages for the tortious conduct of an unemancipated minor child. Liability is imposed for malicious or wilful destruction of property, independent of the means the child employs to cause the destruction. See *McKinney v Caball,* 40 Mich App 389; 198 NW2d 713 (1972); *Shelby Mutual Ins Co v United States Fire Ins Co,* 12 Mich App 145; 162 NW2d 676 (1968).

In the instant case, Joseph Lowery operated a

vehicle in a manner constituting wilful and wanton misconduct and caused damage to a garage and parked vehicle. Therefore, Citizens is allowed to recover from defendant under the parental liability statute.

Affirmed.