Sawyer, J.
 

 Defendant Donald J. York appeals as of right from a judgment, entered following a bench trial, awarding plaintiff American Alternative Insurance Company, Inc., (American) $61,000 plus interest and statutory costs in this action for reimbursement of no-fault benefits paid by plaintiff for damage caused by York to an ambulance owned by plaintiff’s insured, DVA Ambulance, Inc. We reverse and remand.
 

 The underlying facts are essentially undisputed. On December 23, 1997, defendant was at a Christmas party, where he had been drinking alcohol for six or seven hours. Shortly before 10:00 P.M., he called his wife to pick him up because he was concerned about his ability to drive home. After defendant’s wife arrived, defendant changed his mind and decided to drive himself home. On the way home, defendant failed to obey a stop sign and collided with an ambulance that was transporting accident victims to a hospital. The ambulance was owned and operated by American’s insured. American paid its insured $61,000 for the damage to the vehicle and then commenced this action seeking reimbursement from defendant.
 

 The trial court rejected defendant’s claim that he was immune from tort liability under subsection 3135(3) of the no-fault act, MCL 500.3135(3), concluding that defendant’s conduct was wilful and wanton
 
 *78
 
 and, therefore, amounted to intentional conduct for purposes of the intentional harm exception to immunity from tort liability provided in subsection 3135(3)(a).
 

 On appeal, defendant first argues that the trial court erred in equating wilful and wanton misconduct as intentional conduct for purposes of subsection 3135(3)(a). We disagree.
 

 Statutory interpretation is a question of law subject to review de novo on appeal.
 
 Armstrong v Ypsilanti Charter Twp,
 
 248 Mich App 573, 582; 640 NW2d 321 (2001).
 

 MCL 500.3135(3)(a) provides:
 

 (3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101 was in effect is abolished except as to:
 

 (a) Intentionally caused harm to persons or property. Even though a person knows the harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer that harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.
 

 In
 
 Citizens Ins Co v Lowery,
 
 159 Mich App 611, 616-618; 407 NW2d 55 (1987), on which the trial court here relied, this Court construed the intentional harm exception in subsection 3135(a), stating:
 

 The Supreme Court in
 
 Gibbard v Cursan,
 
 225 Mich 311, 320; 196 NW 398 (1923), described wilful and wanton misconduct, distinguishing it from negligence:
 

 
 *79
 
 “If one wilfully injuries another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence — is different in kind.”
 

 The
 
 Gibbard
 
 Court further noted that wilful and wanton misconduct is in the same class as intentional wrongdoing, 225 Mich 321. See also
 
 Burnett v City of Adrian,
 
 414 Mich 448, 462-463; 326 NW2d 810 (1982).
 

 Intentionally caused harm to persons or property is an exception to the no-fault act’s abolition of tort liability. MCL 500.3135(2)(a); MSA 24.13135(2)(a). Because acts resulting from wilful and wanton misconduct fall within the class of intentional acts, defendant’s tort liability in the instant case is not abolished by the no-fault act.
 

 More recently, in
 
 Boumelhem v Bic Corp,
 
 211 Mich App 175, 185; 535 NW2d 574 (1995), this Court stated:
 

 Wilful and wanton misconduct is not a high degree of negligence; rather, it is in the same class as intentional wrongdoing.
 
 Burnett v City of Adrian,
 
 414 Mich 448, 455; 326 NW2d 810 (1982);
 
 Citizens Ins Co v Lowery,
 
 159 Mich App 611, 616-617; 407 NW2d 55 (1987). An allegation that a defendant acted wilfully implies that
 

 “the act was done with a set purpose to accomplish the results which followed the act. It involves more than negligence; it implies malice.
 
 [Pavlov v Community Emergency Medical Service, Inc,
 
 195 Mich App 711, 716; 491 NW2d 874 (1992).]”
 

 With some qualification, we are not persuaded by defendant’s claim that
 
 Lowery
 
 was wrongly decided. Where statutory language is clear and unambiguous, the statute does not need interpretation and must be enforced as written.
 
 Roberts v Mecosta Co General Hosp,
 
 466 Mich 57, 63; 642 NW2d 663 (2002). Because § 3135 used the phrase “intentionally caused harm,”
 
 *80
 
 and that phrase is unambiguous, we must enforce it as written. Therefore, the phrase “wilful and wanton” may be substituted for “intentional” only to the extent that it has the same meaning as “intentional.” As the above quotations from
 
 Lowery
 
 and
 
 Boumelhem
 
 suggest, “wilful and wanton” is generally equated with “intentional.” Therefore, to the extent that
 
 Lowery
 
 equates “wilful and wanton” with “intentional,” we agree with the decision in
 
 Lowery.
 
 However, to the extent that “wilful and wanton” is read to include conduct less than intentional, such as recklessness, then the decision in
 
 Lowery
 
 improperly interpreted the statute and cannot stand. Therefore, we agree with
 
 Lowery
 
 to the extent that it employs a meaning of “wilful and wanton” that is synonymous with “intentional” and we limit its holding accordingly.
 

 Thus, the question becomes whether the trial court nonetheless erred in deciding that defendant’s conduct was sufficiently wilful and wanton as to amount to intentional conduct for purposes of subsection 3135(3)(a). We agree with defendant that the trial court did err in reaching this conclusion. We will not disturb the trial court’s factual findings unless they are clearly erroneous. MCR 2.613(C);
 
 Silver Creek Drain Dist v Extrusions Division, Inc,
 
 245 Mich App 556, 569; 630 NW2d 347 (2001). A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake was made.
 
 Id.
 

 As discussed above, the statute requires a showing that defendant intentionally caused the harm that occurred. While the evidence establishes that defendant exercised poor judgment in deciding to drive after consuming an immoderate amount of alcohol
 
 *81
 
 over several hours, particularly in light of the fact that he had made arrangements for his wife to pick him up and thereafter abandoned that plan, there is no indication that defendant intended to cause the harm that occurred. Therefore, while defendant’s conduct might be regarded as sufficiently reckless as to come within a broad definition of “wilful and wanton,” see
 
 Miller v Inglis,
 
 223 Mich App 159, 167; 567 NW2d 253 (1997) (while intoxication alone does not establish wilful and wanton misconduct, the behavior of some intoxicated defendants may be so reckless as to constitute wilful and wanton misconduct), it does not come within the narrower construction of “wilful and wanton” that must be utilized in this case — a construction that equates with “intentional,” as required by the language of the statute.
 

 Accordingly, we conclude that the trial court clearly erred in finding that defendant’s conduct was sufficiently wilful and wanton to constitute intentional conduct for purposes of subsection 3135(3)(a).
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.