*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK NALI,

      Plaintiff-Appellant,

v

LOGISTICARE SOLUTIONS, LLC, JASON
HARBITZ, and HENRY R. COONEY,

      Defendants-Appellees.

UNPUBLISHED
June 10, 2021

No. 352688
Wayne Circuit Court
LC No. 19-009684-CZ

Before: K. F. KELLY, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, proceeding in pro per, appeals the trial court's order granting summary disposition in favor of defendants Jason Harbitz and LogistiCare Solutions, LLC ("LogistiCare"), and awarding them $5,000 in attorney fees as a sanction against plaintiff for bringing a frivolous action. We affirm.

## I. BACKGROUND

In 2018, plaintiff filed an action against LogistiCare in which he alleged that LogistiCare had contracted with the state of Michigan to provide nonemergency transportation services for eligible recipients to attend medical appointments. According to plaintiff, he arranged for LogistiCare to transport him to a medical appointment, which it did, but that a driver was not present when it was time for plaintiff to return home. Plaintiff alleged that he had to walk home and that the walk aggravated his back and leg pain, causing great pain and suffering. Plaintiff's complaint included counts for negligent infliction of pain, deprivation of healthcare services, and failure to properly train and supervise employees.

Before the 2018 lawsuit was dismissed,[1] plaintiff filed the instant action in July 2019 against LogistiCare. Plaintiff alleged in Count I that LogistiCare breached its contract with the

---

[1] The record in this case does not provide the grounds for the first dismissal.

state of Michigan by failing to provide transportation services for eligible customers and by failing to register customer complaints. Plaintiff also named as defendants Jason Harbitz, the senior director of client services for LogistiCare, and Henry Cooney, the attorney who represented LogistiCare in the 2018 lawsuit. In Count II, plaintiff alleged claims for fraud or misrepresentation against Harbitz and Cooney for allegedly providing false answers to plaintiff's requests for interrogatories in the 2018 lawsuit, and in Count III plaintiff alleged a claim for civil conspiracy, which was based on plaintiff's allegations that Harbitz and Cooney conspired to provide false information in response to plaintiff's interrogatories in the 2018 lawsuit.

Cooney, in lieu of filing an answer, moved for summary disposition. He argued that the statements made by him and his client in the course of the prior judicial proceedings were absolutely privileged, and therefore this action lacked any legal basis. Plaintiff filed a response, arguing that the statements at issue from the previous litigation were made under oath and the litigation privilege did not apply. After holding a hearing in October 2019, the trial court granted summary disposition for Cooney, which plaintiff does not contest on appeal.

While Cooney's motion for summary disposition was still pending, on October 1, 2019, defendants moved for summary disposition under MCR 2.116(C)(8) and (10), and they requested sanctions on the ground that plaintiff's complaint was frivolous. On November 18, 2019, the trial court issued a scheduling order, advising plaintiff that he was required to file a response to defendants' motion by January 9, 2020, and that the motion would be heard on January 23, 2020. The order also advised that failure to file a response by the specified date would be considered as consent to the relief requested. After the court issued its scheduling order, defendants also filed their own notice of hearing for January 23, 2020. Plaintiff did not file a response to the motion or appear at the scheduled hearing. The trial court granted defendants' motion for summary disposition and also granted defendants' request for sanctions and awarded them reasonable attorney fees of $5,000.

## II. DUE PROCESS

Plaintiff argues that the trial court violated his right to due process by considering and deciding defendants' motion for summary disposition when plaintiff had not filed a response or appeared at the hearing on defendants' motion. Plaintiff is not entitled to relief with respect to this unpreserved issue.[2]

---

[2] "Whether a party has been afforded due process is a question of law, subject to review de novo." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). However, unpreserved issues are reviewed for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). To preserve an issue, a party must raise the issue and present it to the trial court. *Glasker-Davis v Auvenshine*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 345283); slip op at 3. Plaintiff does not contend that he did not receive notice of the trial court's scheduling order, and there is no indication in the record that plaintiff advanced any claim below that his right to due process would be violated if the trial court heard defendants' motion in the absence of a response or plaintiff's appearance at the motion hearing. Therefore, this issue is unpreserved.

As an initial matter, plaintiff states that he advised the court by letter that he was unable to appear at the scheduled hearing and that he either asked the court, or filed a motion, to voluntarily dismiss his case without prejudice instead of risking having his case dismissed with prejudice on defendants' motion. However, no such letter is contained in the lower court record. Although plaintiff has attached a copy of a purported motion to voluntarily dismiss to his brief on appeal, that document does not contain any date-stamp or other proof that it was actually filed with the trial court or served on defendants. Further, the motion is not listed in the trial court's register of actions and is not contained in the lower court record. In sum, there is no record support for plaintiff's claim that he properly filed a motion to have his case voluntarily dismissed, or otherwise contacted the court about his inability to respond to defendants' motion for summary disposition.

Plaintiff argues that he was deprived of his right to procedural due process because the trial court conducted the hearing when he was unable to appear or otherwise respond to the motion. As explained in *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009):

> Due process is a flexible concept, the essence of which requires fundamental fairness. The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard. Where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing. [Citations omitted.]

In this case, the trial court issued a scheduling order that notified plaintiff of the date by which he was required to file a response to defendants' motion and the date the hearing on that motion would be held. The scheduling order was issued more than seven weeks before a response was due, and more than two months before the date of the schedule hearing. The scheduling order also advised plaintiff of the consequences of failing to file a response to the motion, namely, that failure to file a response would be considered consent to the motion. Thus, plaintiff had ample notice of the date of the hearing and ample opportunity to file a response to the motion. In sum, the record does not support plaintiff's claim that he was not provided with notice and a meaningful opportunity to be heard. Accordingly, there was no plain error that affected plaintiff's substantial rights.

## III. SUMMARY DISPOSITION

Next, plaintiff argues that the trial court erred by granting defendants' motion for summary. We disagree.[3]

---

[3] We review de novo a trial court's decision to grant or deny summary disposition. See *Spiek v Dep't of Transp,* 456 Mich 331, 337; 572 NW2d 201 (1998). Defendants moved for summary disposition under MCR 2.116(C)(8) and (10). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint by the pleadings alone. *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). All well-pleaded factual allegations are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the allegations. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). Summary disposition is appropriate

Plaintiff correctly asserts that defense counsel and the trial court did not discuss the merits of defendants' motion for summary disposition at the motion hearing. As explained earlier, however, plaintiff did not file a response to defendants' motion and the trial court's scheduling order had advised plaintiff that failure to file a response would be treated as consent to the relief requested. Contrary to what plaintiff asserts, there is no indication in the record that defense counsel falsely advised the court that plaintiff did not respond to defendants' motion. Plaintiff's lack of a response was a matter of record. While plaintiff had previously filed a response to Cooney's motion for summary disposition, defendants brought a separate, independent motion and there is no dispute that plaintiff did not respond to that motion. Further, although the trial court did not discuss the merits of defendants' motion on the record, we agree, on de novo review, that defendants were entitled to summary disposition.

Count I of plaintiff's complaint alleged a claim for breach of contract against LogistiCare. The contract was between the state of Michigan and LogistiCare. Plaintiff acknowledged in his complaint that he was not a party to that contract, but he alleged that the contract was intended for his benefit. However, "[a] third person cannot maintain an action on a simple contract merely because he or she would receive a benefit from its performance or would be injured by its breach." *Kisiel v Holz*, 272 Mich App 168, 170-171; 725 NW2d 67 (2006). Rather, for a third party to bring a claim for breach of contract, there must be "an express promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Id.* (citation omitted). Defendants' motion for summary disposition did not directly address whether plaintiff could qualify as a third-party beneficiary of the contract between LogistiCare and the state of Michigan. However, the motion challenged plaintiff's standing to bring a claim for breach of contract where he admittedly was not a party to the contract on which his claim was based. Therefore, to withstand summary disposition, it was incumbent upon plaintiff to establish factual support for his position that he was entitled to maintain a claim for breach of contract, despite that he was not a party to that contract, and plaintiff was not permitted to merely rely on the allegations in his complaint. MCR 2.116(G)(4). Given plaintiff's failure to respond to defendants' motion and to provide a copy of the contract,[4] defendants were entitled to summary

---

only if the claims are so clearly unenforceable as a matter of law that no factual development could justify recovery. *Patterson*, 447 Mich at 432. A motion under MCR 2.116(C)(10) tests the factual support for a claim. A court must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties, and view that evidence in the light most favorable to the nonmoving party to determine if a genuine issue of material fact exists. MCR 2.116(G)(5); *Maiden v Rozwood,* 461 Mich 109, 118-120; 597 NW2d 817 (1999). Summary disposition should be granted if, except as to the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v Robertson*, 212 Mich App 45, 48; 536 NW2d 834 (1995).

[4] Plaintiff did not attach a copy of the contract to his complaint. MCR 2.113(C) provides that when a claim is based on a written instrument, "a copy of the instrument or its pertinent parts must be attached to the pleading," unless the instrument is inaccessible to the pleader or is in possession of the opposing party and the pleading so states. Plaintiff's complaint referenced the contract by its contract number and generally referenced provisions of the contract, but plaintiff did not attach a

-4-

disposition under MCR 2.116(C)(10) because plaintiff failed to establish a genuine issue of material fact regarding his entitlement to bring a claim against LogistiCare for breach of contract.

Moreover, defendants were entitled to summary disposition of the breach-of-contract claim because it was required to be included in the first lawsuit that plaintiff filed against LogistiCare. MCR 2.203(A) requires a party to join every claim that he may have against an "opposing party at the time of serving the pleading, if it arises out of the transaction or occurrence that is the subject matter of the action and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." See also *Garrett v Washington*, 314 Mich App 436, 451; 886 NW2d 762 (2016) ("In determining whether two claims arise out of the same transaction or occurrence for purposes of MCR 2.203(A), res judicata principles should be applied.").

The allegations in support of plaintiff's breach-of-contract claim involve the same transaction that was at issue in plaintiff's 2018 lawsuit, where he challenged LogistiCare's failure to provide transportation services in accordance with its contract with the state of Michigan. Indeed, in support of his breach-of-contract claim in this case, plaintiff's complaint included cross-references to his complaint in the 2018 lawsuit. Thus, plaintiff was required to join the claim in his 2018 lawsuit, which was still pending at the time of the second suit. MCR 2.203(A). The failure to comply with the compulsory joinder rule was another reason to dismiss the breach-of-contract claim.

Plaintiff's claims in Counts II and III of his complaint were for fraud and civil conspiracy, and were based on allegedly false answers by Harbitz when responding to interrogatories in the 2018 lawsuit. Defendants argued that they were entitled to summary disposition of these claims on the basis of the litigation privilege, also known as the judicial proceedings privilege. See *Denhof v Challa*, 311 Mich App 499, 519; 876 NW2d 266 (2015).

"Statements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issue being tried." *Oesterle v Wallace*, 272 Mich App 260, 264; 725 NW2d 470 (2006). The privilege is typically invoked in defense to a defamation claim, see e.g., *id.*, but in *Denhof*, 311 Mich App at 520, we held that the privilege applied to fraud claims brought against the Friend of the Court. In discussing the privilege for witnesses in judicial proceedings, the Supreme Court noted that "[f]alsity or malice on the part of the witness does not abrogate the privilege" and "[t]he privilege should be liberally construed so that participants in judicial proceedings are free to express themselves without fear of retaliation." *Maiden v Rozwood*, 461 Mich 109, 134; 597 NW2d 817 (1999).

We are not aware of any caselaw addressing whether the judicial proceedings privilege applies to a party's answers to interrogatories. On the surface, the privilege would seem to apply because answers to interrogatories are statements made in the course of litigation. To come within the privilege, however, the statement must be relevant to the underlying proceedings. See *Lawrence v Burdi*, 314 Mich App 203, 217-220; 886 NW2d 748 (2016) (holding that a defamatory

---

copy of the contract to his complaint or otherwise allege that he did not have access to or possession of a copy of the contract.

-5-

request to admit concerning the plaintiff's ability to take the bar exam was not relevant to the easement dispute in the first action and so the judicial proceedings privilege did not apply). Review of the claimed privilege is problematic in this case because plaintiff provides little information about the purported false statements. In his complaint, plaintiff refers generally to false statements made in response to interrogatories, but he does not explain the substance of those statements or why they were false. See MCR 2.112(B)(1) ("In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."). Nor has he provided the contract between LogistiCare and the state of Michigan, which according to plaintiff demonstrates the falsity of the responses. Moreover, plaintiff cites no caselaw supporting a position that a second suit may be brought on the basis of alleged fraud committed in the first suit while the first suit is still pending. For these reasons, even if we were to conclude that the judicial proceedings privilege did not apply in this case, we would affirm summary disposition of the counts alleging fraud and civil conspiracy.

Accordingly, we affirm the trial court's order granting defendants' motion for summary disposition.

## IV. SANCTIONS

Plaintiff also argues that the trial court erred by awarding defendant sanctions in the amount of $5,000. We disagree.[5]

Attorney fees are ordinarily not recoverable under the common law, but may be recovered where a statute or court rule specifically so provides. *Matras v Amoco Oil Co,* 424 Mich 675, 695; 385 NW2d 586 (1986). Defendants sought sanctions under MCR 1.109(E) and MCL 600.2591. MCR 1.109(E) provides that "sanctions are appropriate when, among other things, the party had no reasonable basis to believe that the facts underlying the party's legal position were true or the party's legal position was devoid of arguable legal merit." *Peterson by Johnson v Oakwood*

---

[5] We recently summarized the applicable standards of review:

> This Court reviews a trial court's decision to award sanctions for a frivolous filing for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). A trial court abuses its discretion when the decision to sanction a party is outside the range of principled outcomes. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011). But any of the trial court's factual findings, including a finding of frivolousness, are reviewed for clear error. *Sprenger*, 307 Mich App at 423. A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake was made. *American Alternative Ins Co, Inc v York*, 252 Mich App 76, 80; 650 NW2d 729 (2002), aff'd 470 Mich 28 (2004). [*Peterson v Oakwood Healthcare, Inc*, ___ Mich App ___; ___ NW2d ___ (2021) (Docket Nos. 353314, 353353); slip op at 4.]

*Healthcare, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket Nos. 353314; 353353); slip op at 6.  MCL 600.2591(1) provides that

> [u]pon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

A civil action is frivolous if any of the following conditions exist:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.  [MCL 600.2591(3)(a)(*i*)-(*iii*).]

In this case, plaintiff attempted to bring a breach-of-contract claim that arose out of the same events at issue in his 2018 lawsuit.  The contract between LogistiCare and the state of Michigan is relevant to all of plaintiff's claims, yet he failed to provide it.  He has provided *de minimis* information regarding the substance of his fraud claims.  Plaintiff had no reasonable basis for believing that he could bring an independent action based on discovery responses made in a prior lawsuit, especially while the prior lawsuit was still pending.  Thus, the trial court did not clearly err by ruling that plaintiff's claims were frivolous and awarding defendants sanctions.

Plaintiff also argues that the award of $5,000 for attorney fees was not justified.  Under MCL 600.2591(2), defendants were entitled to recover their reasonable attorney fees.  Generally, when a party challenges the reasonableness of requested attorney fees, a trial court should conduct an evidentiary hearing.  *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002).  In this case, however, because plaintiff never responded to defendants' motion for sanctions, there was no reason to conduct an evidentiary hearing.  The trial court awarded attorney fees on the basis of defense counsel's representations that he had spent 20 hours defending the case.  Counsel requested an hourly rate of $250, which he indicated was below his usual hourly rate given his 35 years' experience.  Neither the number of hours spent on the case nor counsel's hourly rate appear unreasonable, particularly when plaintiff never responded to defendants' motion to contest these matters.  Accordingly, plaintiff has not established that the trial court erred by awarding defendants attorney fees in the mount of $5,000.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle