*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIDGETT FEAGIN,

        Plaintiff/Counterdefendant-Appellant,

v

MICHAEL S. MOROSKI,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
April 28, 2022

No. 356113
Wayne Circuit Court
LC No. 19-008267-CZ

Before: JANSEN, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Bridgett Feagin, appeals as of right the trial court's opinion and order denying her request for costs and attorney fees, following the dismissal of the counterclaims brought by defendant, Michael Moroski. We vacate in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

Plaintiff was the owner of real property located at 8144 Lauder Street in Detroit, although she had never lived there. On November 23, 2018, a fraudulent quitclaim deed was executed, which purported to transfer plaintiff's interest in the property to Nadia Helton in exchange for $9,750. Plaintiff maintained that she never signed such a deed.[1] On November 26, 2018, Helton purportedly quitclaimed her interest in the property to defendant for $9,750.

Immediately after obtaining the deed from Helton, defendant had the locks changed on the house. Three days after defendant obtained the deed, a fire broke out at the house, and defendant performed some repairs and improvements to the house.

---

[1] In her complaint, plaintiff noted that her "signature" on the deed misspelled her name, that the deed provided an incorrect legal description of the property, and that the alleged notary was not duly appointed by the Secretary of State.

Plaintiff later brought suit in district court in a summary proceeding to recover possession of the property. Defendant filed a counterclaim, which sought a money judgment for the increase in value to the property due to his improvements. The same day that defendant filed his counterclaim, the parties reached a settlement. They agreed that plaintiff was entitled to possession of the property and that the deed given by Helton to defendant was void. Further, the parties agreed that defendant's counterclaims would be allowed to proceed after being removed to circuit court. The district court entered a consent judgment[2] and a separate order removing defendant's counterclaims to the circuit court. In the circuit court, plaintiff moved for summary disposition of defendant's counterclaims, which the trial court[3] granted.[4]

Plaintiff thereafter moved for the recovery of costs and attorney fees pursuant to MCR 1.109(E), MCR 2.625(A), and MCL 600.2591. On November 9, 2020, the trial court issued an opinion and order denying plaintiff's request for costs and attorney fees. Plaintiff filed a motion for reconsideration, arguing that the court erred by failing to award costs to plaintiff as the prevailing party under MCR 2.625(A)(1)[5] and erred by finding that defendant's counterclaim was not frivolous. The trial court denied plaintiff's motion for reconsideration because she "merely presented the same issues already ruled on by the Court" and "failed to demonstrate a palpable error by which the Court and the parties have been misled."

## II. JURISDICTION

We first address whether we have jurisdiction to hear plaintiff's appeal of right. Defendant argues that this Court lacks jurisdiction because of plaintiff's purported failure to supply all transcripts of the lower court proceedings. We disagree. "Whether a court has subject-matter jurisdiction is a question of law subject to review de novo." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012).

We first note that we have previously denied defendant's motion to dismiss, which was premised on the same jurisdictional argument. *Feagin v Moroski*, unpublished order of the Court of Appeals, entered August 13, 2021 (Docket No. 356113). We are bound by that prior determination. See *Bennett v Detroit Police Chief*, 274 Mich App 307, 311 n 1; 732 NW2d 307 (2006) (applying the law of the case to avoid revisiting a jurisdictional challenge because "[t]his Court's order denying plaintiff's motion to dismiss based on the jurisdiction of this Court controls the outcome of this issue on appeal"). Moreover, defendant erroneously relies on MCR 7.210(B)(1) and MCR 7.211(C)(2)(b), but these court rules do not speak to the Court's jurisdiction

---

[2] In particular, the consent judgment states that "[p]laintiff has a right to recover possession of the property" and that "[plaintiff] is the lawful owner of the property."

[3] Our use of "trial court" in this opinion refers to the circuit court.

[4] Defendant did not appeal the grant of plaintiff's motion for summary disposition.

[5] Related to the failure to award costs under MCR 2.625(A)(1), plaintiff alternatively argued that the court erred when it failed to provide its reasons in writing for denying costs as the prevailing party.

or authority to hear a case. See *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996) ("Jurisdiction is the power of a court to act and the authority of a court to hear and determine a case."). Whether there are grounds to dismiss an action or appeal is not the same as saying the Court lacks jurisdiction to hear the action or appeal. Jurisdiction instead is governed by MCR 7.203, which was satisfied in this case.[6]

## III. COSTS TO PREVAILING PARTY

Plaintiff argues that the trial court abused its discretion when it denied her motion for costs under MCR 2.625(A)(1). We agree.

"This Court reviews for an abuse of discretion a trial court's ruling on a motion for costs pursuant to MCR 2.625." *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 211; 823 NW2d 843 (2012). A court abuses its discretion when it selects an outcome falling outside the range of reasonable and principled outcomes. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). Consequently, a court necessarily abuses its discretion when it commits an error of law. *Id*.

MCR 2.625(A)(1) states:

> Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

There is no question that plaintiff was the prevailing party in the circuit court. The only claims at issue in the circuit court were defendant's counterclaims, and those counterclaims were dismissed on the merits pursuant to the grant of plaintiff's motion for summary disposition. The starting presumption is that costs are allowed as a matter of course to the prevailing party. *Van Elslander*, 297 Mich App at 216; *Guerrero v Smith*, 280 Mich App 647, 671; 761 NW2d 723 (2008). That is why courts need not justify the *award* of costs to a prevailing party and only have to justify the *denial* of such costs. *Blue Cross & Blue Shield of Mich v Eaton Rapids Community Hosp*, 221 Mich App 301, 308; 561 NW2d 488 (1997).

In this instance, the trial court denied plaintiff's motion for costs and attorney fees. But the court's opinion focused solely on whether defendant's counterclaims were frivolous; it did not address the award of costs as a prevailing party under MCR 2.625(A)(1). Indeed, the only rationale the court provided for denying plaintiff's motion was that plaintiff had failed to show that defendant's counterclaims were frivolous. Because the court did not provide any applicable reasoning for denying costs to plaintiff as the prevailing party, the court abused its discretion. In other words, the court's finding that defendant's counterclaims were not frivolous is not pertinent to whether costs should have been awarded to plaintiff as the prevailing party under MCR 2.625(A)(1). Accordingly, we vacate the denial of plaintiff's motion with respect to her request for costs under MCR 2.625(A)(1) and remand to allow the court either to award costs in favor of plaintiff or to decline to award costs "as long as the court provides an adequate reason in writing

---

[6] We also note that all of the missing transcripts have since been provided to this Court.

under MCR 2.625(A)(1)." *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 368; 824 NW2d 609 (2012).

## IV. SANCTIONS FOR FRIVOLOUS ACTION

Plaintiff argues that the trial court clearly erred by finding that defendant's counterclaims were not frivolous. We agree.

This Court reviews a trial court's decision whether to award sanctions for a frivolous filing for an abuse of discretion. *Sprenger v Bickle*, 307 Mich App 411, 422-423; 861 NW2d 52 (2014). But any of the trial court's factual findings, including findings pertaining to frivolousness, are reviewed for clear error. *Id.* at 423. A finding is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake was made. *American Alternative Ins Co, Inc v York*, 252 Mich App 76, 80; 650 NW2d 729 (2002), aff'd 470 Mich 28 (2004).

Plaintiff sought sanctions under MCR 1.109(E), MCR 2.625(A)(2), and MCL 600.2591. MCR 1.109(E) provides, in pertinent part:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.
>
> (7) *Sanctions for Frivolous Claims and Defenses*. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

Thus, under MCR 1.109(E)(6), sanctions are appropriate when, among other things, the party had no reasonable basis to believe that the facts underlying the party's legal position were true or the party's legal position was devoid of arguable legal merit. See also *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015).

And MCR 2.625(A)(2) provides:

> In an action filed on or after October 1, 1986, if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591.

MCL 600.2591 provides, in turn:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.
>
> (3) As used in this section:
>
> (a) "Frivolous" means that at least 1 of the following conditions is met:
>
> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
>
> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.
>
> (*iii*) The party's legal position was devoid of arguable legal merit.
>
> (b) "Prevailing party" means a party who wins on the entire record.

Importantly, " '[a] claim is not frivolous merely because the party advancing the claim does not prevail on it.' " *Grass Lake Improvement Bd v Dep't of Environmental Quality*, 316 Mich App 356, 365; 891 NW2d 884 (2016) (citation omitted).

The trial court's ruling regarding frivolousness is as follows:

> Defendant Moroski gave a consent judgment as to Plaintiff Feagin's summary proceedings claim and did not fight her request for possession of the subject property. Although Defendant Moroski was aware that he held a forged deed and that Plaintiff Feagin was the owner of the subject property, Defendant Moroski believed he was entitled to compensation for improvements he alleges he made pursuant to MCR 3.411(F)(1). The Court finds that Plaintiff Feagin failed to show that Defendant Moroski's counterclaim for damages was frivolous because his counterclaim had no legal support in law or equity and his counterclaim did not present a colorable legal argument for the extension of any legal principle or doctrine that could provide recovery.

Although the trial court found that defendant's counterclaims were not frivolous, it is not clear on what basis the court made its finding. The trial court's opinion was sparse with any actual findings or rationales. However, we infer that the basis for the court's ruling was the sentence immediately preceding its ruling, which provided that defendant was aware that he held a forged deed and was aware that plaintiff was the owner of the property, but nonetheless "believed he was entitled to compensation . . . pursuant to MCR 3.411(F)(1)." Thus, the court thought that the counterclaims were not frivolous because defendant held a subjective belief that his claims were valid. While this subjective belief could vitiate some grounds for frivolousness, such as MCL 600.2591(3)(a)(*i*)'s "improper purpose," it does not address all of them.

One of the primary deficiencies with defendant's counterclaim is that it is based on MCR 3.411, particularly subpart (F)(1), which states:

> Within 28 days after the finding of title, a party may file a claim against the party found to have title to the premises for the amount that the present value of the premises has been increased by the erection of buildings or the making of improvements by the party making the claim or those through whom he or she claims.

However, under MCR 3.411(A),

> [t]his rule applies to actions to determine interests in land under MCL 600.2932. It does not apply to summary proceedings to recover possession of premises under MCL 600.5701-600.5759.

Thus, by its plain terms, MCR 3.411 only applies to actions to quiet title brought in the circuit court. See MCR 3.411(A); MCL 600.2932(1). The underlying action in this case was plaintiff's action to recover *possession* in a summary proceeding in the district court pursuant to MCL 600.5714. Defendant's counterclaim even acknowledges that plaintiff's action was brought as a summary proceeding under MCL 600.5701 *et seq*. to recover possession of real property. Indeed, defendant also acknowledged in his counterclaim that "MCR 3.411 does not apply to MCL 600.5701 thru 600.5759." Yet, despite recognizing this prohibition, defendant continued to rely on MCR 3.411 to recover a money judgment from plaintiff for the alleged increase in value to the property as a result of defendant's improvements. Therefore, even assuming defendant had a subjective belief that he could recover under MCR 3.411, such a belief is patently not reasonable under the present circumstances. Defendant recognized that plaintiff's claim was brought under the summary-proceedings act and recognized that MCR 3.411 was inapplicable to summary proceedings, yet he still tried to recover money under that court rule. Therefore, we are left with a definite and firm conviction that the trial court made a mistake because defendant's counterclaim involving MCR 3.411, on its face, "was devoid of arguable legal merit." MCL 600.2591(3)(a)(*iii*).[7]

---

[7] We are aware that the summary proceeding for possession resulted in a consent judgment, which provided that plaintiff was entitled to recover possession and also ordered that plaintiff "is the

Therefore, the trial court clearly erred by relying on defendant's subjective belief that his counterclaim was valid under MCR 3.411. Any subjective belief was patently unreasonable, and any claims based on MCR 3.411 were devoid of arguable legal merit, as evidenced by defendant's own acknowledgments in his counterclaim. Accordingly, we reverse in part the trial court's order to the extent that it holds that defendant's counterclaims were not frivolous and remand for further proceedings.

Vacated in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Michael J. Riordan

---

lawful owner of the property." Thus, it seems that the consent judgment purported to establish a "finding of title," which is one of the prerequisites for invoking MCR 3.411(F)(1). However, despite this purported "finding of title," MCR 3.411(A)'s prohibition of the rule applying to summary proceedings is definite and clear. In any event, defendant could not have relied on the district court's consent judgment in preparing his counterclaim because the counterclaim had already been filed at the time of the judgment's entry.