*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LIFE SKILLS VILLAGE PLLC,

        Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
March 19, 2026
9:12 AM

No. 370826
Wayne Circuit Court
LC No. 19-012520-NF

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

In this no-fault action, plaintiff healthcare provider unsuccessfully sued defendant insurer for payment of certain claimed personal protection insurance (PIP) benefits. Plaintiff appeals by right, challenging (1) the trial court's decision to permit a special jury instruction; (2) the court's order granting defendant's motion for sanctions under MCL 500.3148(2); and (3) the court's ensuing order awarding $47,212.50 in attorney fees under MCL 500.3148(2). We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

A nonparty insured was involved in a motor vehicle collision, resulting in a traumatic brain injury. The insured had a valid insurance policy with defendant and sought treatment with plaintiff for multiple issues; the treatment included occupational, neurological, and community-integration therapies. Defendant refused to pay plaintiff the full amount it billed for this treatment, denying some of plaintiff's charges for improper coding or insufficient paperwork, or because defendant deemed them excessive.

Plaintiff then brought the instant lawsuit against defendant to recover the amounts defendant had refused to pay. The matter proceeded to trial. Before trial, the parties discussed special jury instructions off the record. As is relevant here, defendant requested, and the court later read to the jury at trial, the following special instruction: "Now, [p]laintiffs are claiming, ladies and gentlemen, a balance on invoices paid by [d]efendant Farm Bureau. Under Michigan law, a No-Fault insurance carrier may pay no more than a reasonable charge, and a health care

provider can charge no more than that." The jury ultimately rendered a verdict against plaintiff, finding: (1) the insured sustained an accidental bodily injury; (2) the injury arose out of the ownership, operation, maintenance, or use of a motor vehicle; but (3) plaintiff's claimed payments did not constitute allowable expenses incurred by the insured for care provided by plaintiff.

After trial, defendant moved for sanctions under MCL 500.3148(2), claiming that plaintiff's charges were excessive and had no reasonable foundation. Plaintiff responded that there was no evidence its charges were fraudulent or excessive, and that the amount of attorney fees requested by defendant was unreasonable. After holding a hearing, the trial court granted defendant's motion for sanctions, determining that the evidence did not show fraud but did show excessiveness with no reasonable foundation; in particular, the court pointed to evidence of significant overbilling and sloppy bookkeeping by plaintiff and noted that the court "personally [hadn't] seen a case where bills have been so excessive." The court then scheduled an evidentiary hearing to address the reasonableness of defendant's requested attorney fees.

At the evidentiary hearing, defense counsel submitted evidence regarding the number of hours that he and two associate attorneys had each worked on the matter and the rates charged to defendant for that work, which ranged between $150 and $175 per hour. Defense counsel explained, however, that these rates were significantly discounted per agreement with defendant, in light of the total volume of work that defendant directed to defense counsel's firm. Given that MCL 500.3148(2) contemplated a "reasonable" rather than "actual" fee, defense counsel maintained that the sanction award should not be limited by these discounted rates but should instead reflect a reasonable rate based on the State Bar of Michigan Economics of Law Practice Report (Report). Plaintiff's counsel objected to the notion that defendant could seek an amount in excess of the actual attorney fees paid, arguing that an award under MCL 500.3148(2) should only serve to make defendant and its attorneys whole and that they should not be able to use the award to enrich themselves.

Based on the evidence presented, the trial court determined the reasonable number of hours worked by each of the three defense attorneys and concluded that the following rates for that work were appropriate: $375 per hour for lead defense counsel, and $225 per hour for each associate attorney. This resulted in a total award of $47,212.50 in attorney fees. The court rejected the notion that the award must be limited to the negotiated rate actually paid by defendant and, in support of its awarded amount, the court cited the Report's rates, lead defense counsel's experience and position with his firm, and the length of the case and the significant amount of work performed on it. This appeal followed.

## II. SPECIAL JURY INSTRUCTION

Plaintiff first contends that the trial court erred when it allowed defendant's special jury instruction at trial. We disagree.

"We review claims of instructional error de novo." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "Jury instructions are reviewed in their entirety to determine whether they accurately and fairly presented the applicable law and the parties' theories." *Guerrero v Smith*, 280 Mich App 647, 660; 761 NW2d 723 (2008). This Court reviews a trial

court's decision to allow special jury instructions for an abuse of discretion. *Chastain v Gen Motors Corp*, 254 Mich App 576, 590; 657 NW2d 804 (2002).

"When the standard jury instructions do not adequately cover an area, the trial court is obligated to give additional instructions when requested, if the supplemental instructions properly inform the jury of the applicable law and are supported by the evidence." *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 401-402; 628 NW2d 86 (2001). "[W]e will not find error requiring reversal if, on balance, the trial court adequately and fairly conveyed the applicable law and theories of the parties to the jury." *Chastain*, 254 Mich App at 591.

As noted, the trial court provided the following special jury instruction at defendant's request: "Now, [p]laintiffs are claiming, ladies and gentlemen, a balance on invoices paid by [d]efendant Farm Bureau. Under Michigan law, a No-Fault insurance carrier may pay no more than a reasonable charge, and a health care provider can charge no more than that." On appeal, plaintiff argues that this instruction was improper because it misled the jury and confused the issues at trial. Although plaintiff's challenge to the special jury instruction was generally preserved, see *Heaton v Benton Constr Co*, 286 Mich App 528, 537; 780 NW2d 618 (2009), plaintiff's specific argument on appeal is not. In the lower court, plaintiff objected on the record that the instruction was unnecessary—a line of argument that plaintiff does not renew, and had thus abandoned, on appeal. See, e.g., *People v Smith*, 336 Mich App 79, 112; 969 NW2d 548 (2021). After the final jury instructions were read—which included the special jury instruction—plaintiff did not object or advance any additional arguments. Accordingly, plaintiff did not raise below the challenge it now seeks to raise on appeal and, as a result, plaintiff has waived appellate review of that challenge. See *Tolas Oil & Gas Exploration Co v Bach Srvs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) (explaining that, under the "raise or waive" rule of appellate review for civil cases, "the party asserting error . . . must show that the same basis for the error claimed on appeal was brought to the trial court's attention" and "[i]f a litigant does not raise an issue in the trial court, this Court has no obligation to consider [it]").

Moreover, even if we were to look past this waiver and reach the merits of plaintiff's argument, a review of the jury instructions demonstrates that the trial court "adequately and fairly conveyed the applicable law and theories of the parties to the jury." *Chastain*, 254 Mich App at 591. Plaintiff alleged that defendant insufficiently paid for services and, in support, submitted evidence of its billing practices, treatment services, and charges. Defendant, meanwhile, maintained that it had already paid an appropriate amount and the additional payments sought by plaintiff were not reasonable and thus not permissible under the law. The special jury instruction, along with the jury instructions writ large, accurately reflected these respective theories. Indeed, testimony from plaintiff's chief operations officer indicated that plaintiff was seeking to obtain additional payments to recover the remaining balance of the bills it had submitted. The special jury instruction also accurately stated the law, in its own right and when taken together with the court's other instructions regarding no-fault cases, the obligation insurers have with respect to payments, and overdue payments for benefits. Plaintiff has shown no basis for relief on this issue.

## III. ATTORNEY FEES

Plaintiff next contends that the trial court erred in its award of attorney fees to defendant under MCL 500.3148(2). We agree in part.

## A. AWARD OF FEES

"The decision to award or deny attorney fees under MCL 500.3148(2) is reviewed for an abuse of discretion." *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 361; 824 NW2d 609 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Moore v Secura Ins*, 482 Mich 507, 516; 759 NW2d 833 (2008).

MCL 500.3148(2) provides:

A court may award an insurer a reasonable amount against a claimant as an attorney fee for the insurer's attorney in defending against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation. A court may award an insurer a reasonable amount against a claimant's attorney as an attorney fee for defending against a claim for which the client was solicited by the attorney in violation of the laws of this state or the Michigan rules of professional conduct.

"The language of MCL 500.3148(2) indicates that a court may exercise its discretion by awarding attorney fees to an insurer, but only if a claim was in some respect fraudulent or so excessive as to have no reasonable foundation." *Gentris*, 297 Mich App at 361 (quotation marks and citation omitted). For purposes of this subsection, "a trial court's findings regarding the fraudulent, excessive, or unreasonable nature of a claim should not be reversed on appeal unless they are clearly erroneous." *Id.* (quotation marks and citation omitted). "A decision is clearly erroneous when a reviewing court is left with a firm and definite conviction that a mistake was made by the lower court." *Id.*

We see no reversible error in the trial court's conclusion that plaintiff's claims in this case were so excessive as to have no reasonable foundation. In so ruling, the trial court noted that "[t]here's no question there was over-billing in this case, or an up-charge of two hundred sixty-seven percent (267%)." This conclusion was based on evidence presented at trial regarding the rate that plaintiff charged a separate insurer, Blue Cross/Blue Shield (BCBS), for the same services. While plaintiff's chief operations officer testified that he would have charged any insurer the same rate for the same services as defendant was charged, he admitted charging BCBS about $150 for four units of occupational therapy while charging defendant about $400 for the same. And although defendant had already paid plaintiff $329.56 for the occupational therapy, plaintiff was still seeking an additional $75 to cover the difference. Plaintiff noted its productive business relationship with BCBS, but did not meaningfully explain why it was reasonable to charge defendant so much more than BCBS. In its ruling, the trial court also noted that the amount plaintiff charged defendant increased over the course of defendant's payment of the claim and that plaintiff's bookkeeping with respect to the claim had proven to be unreliable. The evidence likewise supported these findings.

On appeal, plaintiff argues that the court's determination of excessiveness was erroneous because it failed to account for the customary nature of plaintiff's charges and improperly relied on the amounts charged to BCBS. We disagree.

As to the customary nature of its charges, plaintiff points to MCL 500.3157(1), which states that an amount charged "must not exceed the amount the person customarily charges for like treatment or training in cases that do not involve insurance." According to plaintiff, "reasonable" and "customary" are two separate considerations, and the trial court's failure to consider the customary nature of plaintiff's charges rendered its analysis legally incomplete. Plaintiff is correct that "reasonable" and "customary" are separate factors to be considered under MCL 500.3157(1). Plaintiff, however, fails to show how that observation translates into a reversible error in the trial court's analysis under MCL 500.3148(2), which speaks in terms of reasonableness without any express mention of the customary nature of a charge. And as this Court has observed, the fact that a charge may be customary does not mean that it is reasonable. See *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 333 Mich App 457, 481-482; 960 NW2d 186 (2020).

As to the trial court's consideration of the amounts that plaintiff charged BCBS, plaintiff argues that this Court's decision in *Spectrum* precluded the court from referencing third-party payments when evaluating reasonableness. *Spectrum*, however, stated that "the amount that others, such as a health insurer or government program, actually pay to a healthcare provider has no bearing on the *customary* prong of [MCL 500.3157]." *Id*. at 486. It then concluded that "this Court's caselaw precluding consideration of third-party payments in the context of the 'customary' inquiry does not control whether those payments may be considered when determining reasonableness." *Id*. "Quite simply, when determining reasonableness, the amount that others pay for the same goods or services is a pertinent factor to be considered when deciding whether a charge of those same goods or services is reasonable." *Id*. at 502. The trial court's analysis was consistent with this precedent.

In sum, plaintiff has failed to show that the trial court abused its discretion in concluding that an award of attorney fees under MCL 500.3148(2) was warranted in this case. *Gentris*, 297 Mich App at 361.

## B. AMOUNT OF FEES

Plaintiff also challenges the amount of attorney fees that the trial court awarded. "We review for an abuse of discretion a trial court's award of attorney fees and costs," *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008), and we review for clear error "a trial court's findings concerning a plaintiff's claim for attorney fees pursuant to MCL 500.3148," *Ivezaj v Auto Club Ins*, 275 Mich App 349, 352-353; 737 NW2d 807 (2007).

Plaintiff argues that the amount of fees awarded by the trial court was improper because (1) it exceeded the amount that defense counsel actually charged and received from defendant, and (2) it did not adequately account for the factors established in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982). While we disagree with plaintiff that the trial court was categorically precluded from awarding an amount to defendant in excess of its actual attorney fees, we agree that the trial court failed to adequately articulate the basis for the amount of fees it awarded.

As noted, MCL 500.3148(2) provides, in relevant part, that "[a] court may award an insurer a reasonable amount against a claimant as an attorney fee for the insurer's attorney in defending against a claim that was in some respect fraudulent or so excessive as to have no reasonable

foundation." Accordingly, the statute expressly requires that the amount awarded be "reasonable"; in so doing, it does not purport to require that the amount be equal to the fee that was actually paid for the legal services at issue, and as a general matter, caselaw has routinely rejected any such equivalence between "reasonable" and "actual" fees. See, e.g., *Smith*, 481 Mich at 528 (explaining that "a reasonable fee . . . of course, may differ from the actual fee charged"); *Zdrojewski v Murphy*, 254 Mich App 50, 72; 657 NW2d 721 (2002) (cited with approval in *Smith* for the proposition that "[r]easonable fees are not equivalent to actual fees charged"). Indeed, plaintiff does not argue that MCL 500.3148(2) would have prevented the trial court from awarding an amount *less than* what defendant actually paid to defense counsel in this case, if the court had deemed that lesser amount to be reasonable. And while plaintiff maintains that the amount of actual fees effectively acts as a cap on the award—such that the awarded amount cannot exceed the amount necessary to compensate defendant for the actual fees it paid—the statute's plain terms do not say as much, and we decline to read that limitation into them.[1] See *People v Duha*, 349 Mich App 317, 323 n 3; 27 NW3d 627 (2023) ("Nothing should be read into a statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself.") (quotation marks and citation omitted). Accordingly, plaintiff has failed to show that the trial court's fee award was necessarily improper solely because it exceeded the amount actually paid by defendant to defense counsel.

Plaintiff stresses that an award in excess of defendant's actual attorney fees would amount to an impermissible profit or windfall for defendant, pointing to our Supreme Court's decisions in *Rafferty v Markovitz*, 461 Mich 265; 602 NW2d 367 (1999), and *McAuley v Gen Motors Corp*, 457 Mich 513, 515; 578 NW2d 282 (1998). As discussed in *Rafferty*, 461 Mich at 269-273, both that case and *McAuley* addressed whether a party could recover "duplicative" reasonable attorney fees under MCR 2.403(O)'s "mediation court rule" after already being "fully reimbursed for reasonable attorney fees through operation of a statutory provision" (in *McAuley*, the persons with disabilities civil rights act, MCL 37.1101 *et seq.*, and in *Rafferty*, the Elliott-Larsen civil rights act, MCL 37.2101 *et seq.*). Both cases concluded that such a duplicative recovery was impermissible, given the language of the court rule and statutes at issue as well as the purposes of their respective fee awards and of compensatory damages in general. See *id*. This case, however, does not involve the court rule or statutes at issue in *McAuley* or *Rafferty*, nor does it involve a "duplicative" request for reasonable attorney fees—that is, a request for fees that would duplicate, and thus exceed in total, the amount that is deemed "reasonable." Instead, this case involves one request for reasonable attorney fees, and at issue is whether a "reasonable amount" under MCL 500.3148(2) can exceed the actual amount of fees paid by the insurer to its attorneys. As discussed, we do not

---

[1] Nor, for that matter, does plaintiff argue that, in awarding "a reasonable fee" to a claimant's attorney under MCL 500.3148(2)'s neighbor, MCL 500.3148(1), a court can award no more than the actual fee paid by the claimant. Plaintiff notes that the two subsections are worded somewhat differently, but we fail to see in those differences any grounds to conclude that the Legislature intended the amount of actual fees paid to serve as a "reasonableness cap" under one subsection of MCL 500.3148 but not the other.

read the statute's plain terms to categorically foreclose that possibility, nor do we see anything in *McAuley* or *Rafferty* to require otherwise.[2]

This is not to say, however, that concerns regarding an undue windfall, or consideration of the actual amount defendant paid to defense counsel, can or should have no bearing on what a "reasonable amount" may be. See, e.g., *Smith*, 481 Mich at 528 (explaining how the fee-shifting provision at issue in that case was "not designed to provide a form of economic relief to improve the financial lot of attorneys or to produce windfalls" but instead "only permit[ted] an award of a reasonable attorney fee"). As our Supreme Court has made clear, "the burden of proving the reasonableness of the requested fees rests with the party requesting them," and in assessing reasonableness, courts are "to consider the totality of special circumstances applicable to the case at hand." *Id.* at 528-529. "[W]hen determining the reasonableness of attorney fees . . ., a trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services," and "then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016).[3] "Thereafter, the trial court must consider *all* of the remaining *Wood* and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate." *Id.* Those factors, "distill[ed] . . . into one list," are:

---

[2] In support of its argument, plaintiff cites *Estate of Bernard v Avers*, unpublished per curiam opinion of the Court of Appeals, issued April 8, 2021 (Docket Nos. 348048 and 348049). *Bernard*, however, is nonbinding, and we find it to be of limited persuasive value here. The panel in *Bernard* concluded that it was necessary to vacate the trial court's fee award because it was not clear upon which authority the trial court based the award—MCL 500.3148(2) or MCR 2.403(O)—and because the court failed to adequately articulate the requisite findings for the amount of the award. *Id.*, unpub op at 19. The panel also concluded that, "on remand, the trial court should consider what [the insurer] actually paid for its attorney fees." *Id.*, unpub op at 16. As discussed in this opinion, the trial court's fee-award findings in this case were also deficient, and we agree with the general proposition that those findings should include due consideration of the amount actually paid by defendant pursuant to defense counsel's discounted rate. The *Bernard* panel, however, also noted "that, based on *Rafferty* and *McAuley*, [the insurer's] recovery of attorney fees may not exceed what it actually paid." *Id.*, unpub op at 16. For the reasons set forth above, we do not read that precedent to support the categorical preclusion of a fee award under MCL 500.3148(2) that exceeds the amount actually paid, nor have we found any other caselaw to that effect. To the extent *Bernard* concluded otherwise, we do not find it persuasive in that regard and decline to follow it. See, e.g., *Kennard v Liberty Mut Ins Co*, 341 Mich App 47, 53 n 2; 988 NW2d 797 (2022) (explaining that unpublished opinions are not binding but may be considered for their instructive or persuasive value).

[3] *Pirgu* addressed the methodology for "determining that reasonableness of attorney fees awarded under" MCL 500.3148(1). 499 Mich at 281. The parties have offered, and we see, no reason why that methodology would not likewise apply to a reasonableness determination under MCL 500.3148(2).

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Id.* at 281-282.]

"These factors are not exclusive, and the trial court may consider any additional relevant factors." *Id*. at 282. "In order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*. A trial court errs when it fails to properly consider and address each factor. See *id*. at 282-283 (concluding that "the trial court . . . erred by primarily relying on only one factor—the amount sought and results achieved—and failing to briefly discuss its view of the other factors").

The trial court's fee award in this case fell short of these requirements. As discussed, the trial court arrived at its awarded amount by holding an evidentiary hearing and, based on the evidence presented and the Report's rates, calculating the reasonable number of hours and reasonable hourly rate for each of the three defense attorneys. In so doing, the court noted lead defense counsel's experience and position with his firm, and the length of the case and the significant amount of work performed on it. The court's on-the-record findings thus addressed some of the requisite factors set forth above, but by no means all. The court, for instance, noted the amount of work performed on the case, but did not particularly address the case's difficulty or any time limitations it may have entailed. Similarly, the court acknowledged the jury's verdict, but it did not explain how it may have factored into its analysis. Nor did it discuss whether the case precluded other employment for defense counsel.

And perhaps most notably, while the trial court rejected the notion that the fee award could not exceed the amount defendant actually paid under defense counsel's specifically negotiated rate, the court failed to explain why that discounted rate, and the resulting amount paid under it, had no apparent bearing on what the court ultimately deemed to be a "reasonable amount" under MCL 500.3148(2). Nor do we see why the discounted rate or actual amount paid in this case would, or should, necessarily fall outside the framework set forth in *Pirgu*, whose factors include "the nature and length of the professional relationship with the client" and are, in any event, "not exclusive." *Id*.; see also *Van Elslander v Thomas Sebold & Assoc, Inc*, 297 Mich App 204, 234; 823 NW2d 843 (2012) (explaining that, under *Smith*, the actual fee charged—including any discounted rate—is "clearly not dispositive" but is "a factor to be considered" when "determining

what constitutes a fee customarily charged in the locality for similar legal services") (quotation marks omitted).

In sum, the trial court failed to adequately articulate the basis for the "reasonable amount" it awarded to defendant under MCL 500.2148(2). As a result, we must vacate the award and remand for the trial court to fully address the *Pirgu* framework and factors, including how the discounted rate charged by defense counsel in this case may impact the requisite reasonableness assessment. See *Pirgu*, 499 Mich at 282; see also, e.g., *Powers v Brown*, 328 Mich App 617, 624-625; 939 NW2d 733 (2019) (concluding that the trial court abused its discretion and that remand was necessary because the court "did not comprehensively review and state its findings with respect to all the factors in the *Smith*/*Pirgu* framework"); *Cadwell v Highland Park*, 324 Mich App 642, 657-658; 922 NW2d 639 (2018) ("[B]y failing to briefly discuss each of the reasonableness factors set forth in *Pirgu*, the trial court necessarily abused its discretion.").

## IV. CONCLUSION

For the reasons discussed, we reject plaintiff's challenges to the trial court's allowance of the special jury instruction and to the court's decision to award defendant attorney fees under MCL 500.3148(2), but we vacate the trial court's award of $47,212.50 in attorney fees and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani